(88 South. 177)

### PHILLIPS v. LANGSTON.    (5 Div. 528.)

(Court of Appeals of Alabama.    June 29, 1920. Rehearing Denied Oct. 26, 1920.)

1. BILLS AND NOTES ⬤═478—PLEA SETTING UP THAT NOTE WAS GIVEN TO FOREIGN CORPORATION WHICH WAS NOT LICENSED TO DO BUSINESS SUBJECT TO DEMURRER.

In action on a note, a plea setting up that the corporate payee was organized under the laws of a foreign state and had no permit to do business in the state is open to demurrer on the ground that it was not alleged that the contract was made in the state, or to be performed there, that it was not alleged that plaintiff was not a bona fide holder for value, and that it was not shown that the corporate payer was doing business in the state contrary to law.

2. BILLS AND NOTES ⬤═478—PLEAS SETTING UP THAT NOTE WAS GIVEN FOR PAYMENT OF STOCK OF FOREIGN CORPORATION NOT LICENSED TO DO BUSINESS NOT SUBJECT TO DEMURRER.

In an action on a note transferred by a foreign corporation to plaintiff, pleas setting up that the note was given for the purchase price of the stock of the corporation, and that it was not licensed to do business in the state of Alabama, etc., held not subject to grounds of demurrer assigned.

3. BILLS AND NOTES ⬤═478—PLEAS IN ACTION ON NOTE INDORSED BY FOREIGN CORPORATION TO PLAINTIFF SUBJECT TO DEMURRER.

In an action on a note given a foreign corporation and transferred to plaintiff, pleas setting up that the note was for corporate stock and that the corporation had failed to pay its state franchise tax, held subject to demurrer, particularly on the ground that it was not sufficiently set forth that the corporation violated any law of the state, or was engaged in doing business contrary thereto.

4. EVIDENCE ⬤═471(31)—QUESTION HELD OBJECTIONABLE AS CALLING FOR WITNESS' CONCLUSION.

In an action on a note given a foreign corporation in payment for stock, where it was

contended that the corporation had not paid its license fee, etc., a question to the Secretary of State as to whether the records in his office showed that the corporation had obtained a permit to do business in the state is objectionable, as calling for the conclusion of the witness.

5. EVIDENCE ⚖==158(21) — QUESTION AS TO WHETHER FOREIGN CORPORATION HAD PAID LICENSE FEE NOT OBJECTIONABLE ON GROUND RECORDS WERE BEST EVIDENCE.

In an action on a note given for stock of a foreign corporation which it was claimed was not licensed to do business in the state, the question whether the corporation had paid its franchise taxes in J. county for a particular year was not objectionable on the ground that the records were the best evidence.

6. EVIDENCE ⚖==471(31) — QUESTION AS TO PAYMENT OF CORPORATE FRANCHISE TAX NOT OBJECTIONABLE AS CALLING FOR CONCLUSION.

In an action on a note given for stock of a foreign corporation which it was claimed was not licensed to do business in the state, the question whether the corporation had paid its franchise taxes in J. county for a particular year was not objectionable, as calling for the conclusion of the witness.

7. WITNESSES ⚖==258—QUESTION AS TO PAYMENT OF FRANCHISE TAX NOT OBJECTIONABLE BECAUSE NOT SHOWN THAT WITNESS HAD CONTROL OF BOOKS.

In an action on a note given for stock in a foreign corporation which it was claimed was not licensed to do business in the state, the question whether the corporation had paid its franchise taxes in J. county for a particular year was not objectionable, on the ground that it was not shown that the witness had custody of the records showing such payment, for his sources of knowledge and information could be tested on cross-examination.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Action by Charles Phillips against J. M. Langston, upon a promissory note. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows:

Plaintiff claims of the defendant the sum of $750; due by promissory note dated March 2, 1914, due on or before November 1, 1914, payable to the order of "myself," which said note was signed by the said J. M. Langston, and indorsed by him, and thereupon delivered to the Pep-to-Lac Company of America, a corporation. The said note was sold and delivered to plaintiff, and he is now the holder and owner thereof; and the said sum of $750 and interest thereon from date are due, owing, and unpaid. (Then follows the usual declaration of waiver clause and the promise to pay and claim for attorney's fee.)

The following pleas were filed by the defendant:

1. That the plaintiff should not have and maintain this cause of action, for that the note, the subject of this suit, was executed to Pep-to-Lac Company of America, and subsequently acquired by this plaintiff, so defendant is advised, and so avers: That the said Pep-to-Lac Company of America was a corporation organized under the laws of the state of Delaware; that on, to wit, the 2d day of March, 1914, the said Pep-to-Lac Company of America had no permit, as required by law, to do business in the state of Alabama, for the year 1914.

2. That the plaintiff should not have maintained this cause of action, for that the note, the subject of this suit, was executed and delivered to Pep-to-Lac Company of America, a Delaware corporation, in the state of Alabama, which said note plaintiff claims to own for corporate stock sold by said Pep-to-Lac Company of America to this defendant, in Alabama. And defendant alleges that the said Pep-to-Lac Company of America failed to procure from the Secretary of State of the state of Alabama a permit admitting it to do business in the state of Alabama as a foreign corporation, in the year 1914. In no manner waiving other defenses, by demurrer or plea, but insisting on the same, this defendant says, therefore, that this action on the said note is forever barred, either in the hands of the original holder or any subsequent holder or owner, and that said note should therefore be dismissed out of this court, at the cost of the plaintiff in this behalf expended. That defendant, on the hearing of this plea, will offer in support of same the duly authenticated certificate of the proper department of the state.

3. That this plaintiff should not have and maintain this cause of action, for that the note, the subject of this suit, was executed and delivered to the Pep-to-Lac Company of America, a Delaware corporation, for corporate stock sold by said Pep-to-Lac Company of America, to this defendant in Alabama. And defendant alleges that the said Pep-to-Lac Company of America failed to pay its franchise tax due to the state of Alabama for the year 1914.

4. That this plaintiff should not have and maintain this cause of action, for that the note, the subject of this suit, was executed and delivered to Pep-to-Lac Company of America, a foreign corporation, for corporate stock sold by said Pep-to-Lac Company of America to this defendant, in Alabama, and defendant alleges that the said Pep-to-Lac Company of America failed to pay its franchise tax due to the county of Jefferson, state of Alabama, for the year 1914.

5. That this plaintiff should not have and maintain this cause of action, for that the note in suit was executed and delivered to Pep-to-Lac Company of America, a foreign corporation, stock sold by said Pep-to-Lac Company of America to this defendant, in the state of Alabama; and defendant alleges that for the year 1914 said corporation failed to pay its franchise license.

6. That defendant should maintain or demand any action on said note, which was a contract made in this state, the consideration for which was corporate stock purchased by defendant from Pep-to-Lac Company of America in the

year 1914, in Alabama. For which year said corporation, being a foreign corporation, failed to pay its state franchise license.

7. Defendant says further that for the said year, 1914, the said Pep-to-Lac Company of America failed to pay its county franchise license due to Jefferson county, Ala., and should not maintain or demand any action in this court on said note.

Plaintiff demurred to these several pleas, as follows:

1. It is not alleged that the contract was made in Alabama, and to be performed in Alabama.

2. It is not alleged that plaintiff is not a bona fide holder for value.

3. No facts are alleged sufficient to show that Pep-to-Lac Company of America is a foreign corporation, and engaged in doing or transacting business in Alabama, contrary to law.

4. It is not alleged that the sale of the stock on the part of the Pep-to-Lac Company of America constituted the act, business or transaction prohibited by statute to be done by foreign corporations.

5. For aught appearing from said pleas, the Pep-to-Lac Company of America accepted the subscription for stock and issued the stock outside of the state of Alabama.

6. It is not alleged that the note, the foundation of this suit, was accepted in Alabama, or that it was in payment of stock issued by the Pep-to-Lac Company of America in Alabama, contrary to law.

7. Nothing is alleged in said pleas to show that Pep-to-Lac Company of America, a foreign corporation, unlawfully engaged in doing or transacting business in Alabama.

8. The facts alleged in said pleas are not sufficient to show that the Pep-to-Lac Company of America engaged in or was doing business in Alabama contrary to law.

9. An agreement to sell stock by acceptance of subscription by an agent for stock in a foreign corporation, the stock to be issued when the contract for said stock is approved by the Pep-to-Lac Company of America, is not doing business, or transacting the same, that is contrary to law of Alabama.

10. For aught appearing in said pleas, the Pep-to-Lac Company of America was engaged in interstate commerce at the time the act complained of took place.

11. The act complained of as being contrary to law is not sufficiently set forth to show that the Pep-to-Lac Company of America violated any law of the state, or was engaged in doing business contrary thereto.

12. That said allegation that said corporation is a foreign corporation and engaged in business in the state of Alabama is but the conclusion of the pleader.

13. It is not alleged that the Pep-to-Lac Company of America sold the stock in Alabama.

14. The allegations that Pep-to-Lac Company of America is a foreign, or Delaware, corporation is but the conclusion of pleader.

15. The allegation that Pep-to-Lac Company of America was engaged in doing business in Alabama is but the conclusion of the pleader.

16. The allegation that Pep-to-Lac Company of America failed to pay its franchise taxes for the year 1914 is but the conclusion of the pleader.

17. The allegation that Pep-to-Lac Company of America failed to obtain from the Secretary of State an annual permit for the year 1914 to do business in Alabama is but the conclusion of the pleader.

18. It is not alleged that the sale of stock in the state of Alabama, or the acceptance of the note therefor by Pep-to-Lac Company of America, to the defendant, was the act, the doing of business by said corporation, that is contrary to law.

F. B. Collier, of Yreka, Cal., and Lawrence F. Gerald, of Clanton, for appellant.

The court erred in overruling demurrers to the pleas. 197 Ala. 10, 72 South. 314; 16 Ala. App. 86, 75 South. 634. The court erred in permitting the witness to testify as to the contents of the record. 3 Stew. & P. 81; secs. 3983 and 3985, Code 1907, and authorities cited.

William M. Adams, of Clanton, for appellee.

The pleas were sufficient. 15 Ala. App. 675, 74 South. 761; 75 Ala. 473; 120 Ala. 493, 24 South. 959; 171 Ala. 76, 54 South. 537. There was no error committed in admission of evidence. 17 Cyc. 499; 1 Greenl. (Me.) 121, 10 Am. Dec. 45; 15 Ala. App. 675, 74 South. 761.

BRICKEN, P. J. Appellant brought suit against appellee upon a promissory note for $750, due November, 1914, which note appellant held as transferee of the Pep-to-Lac Company of America. It appears that the note was given in payment of certain shares of capital stock of said company.

The appellee, defendant in the court below, filed seven special pleas to the complaint, and the demurrers to these pleas were overruled. The complaint, the special pleas, and the demurrers to the special pleas will be set out in the report of this case.

[1] The first plea was subject to the demurrers interposed and assigned as grounds 1, 3, and 4.

[2] The second, third, fourth, and fifth pleas were not subject to any of the grounds of demurrer consigned thereto, although they might be subject to a special demurrer which pointed out the defects of these pleas.

[3] The sixth and seventh pleas were clearly subject to the demurrers interposed, and especially the eleventh ground assigned.

[4] The court erred in overruling the objection to the question, "What do the records of your office show as to whether Pep-to-Lac Company of America obtained from the Secretary of State an annual permit to do business in Alabama for the year 1914?" asked the witness Cobb, Secretary of State. The question was clearly subject to the objection

interposed, and it called for a conclusion of the witness as to what the record showed.

[5-7] There was no error in overruling the objection interposed to the question, "Did the Pep-to-Lac Company of America pay its franchise taxes in Jefferson county, Ala., for the year 1914?" asked the witness R. G. Huett, Jr. If the plaintiff wishes to test the source of his knowledge, it was competent to do so on cross-examination. The question was not subject to any of the grounds of objection interposed, the grounds being (1) the records themselves are the best evidence; (2) that said question calls for a conclusion of the witness; and (3) it is not shown that the witness has the custody of said books."

For the errors pointed out above, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.