HOLMES, Judge.
This is a tax case.
The State Department of Revenue assessed motor vehicle license taxes against the taxpayer’s tractors and trailer. The taxpayer successfully appealed the assessments to the Circuit Court of Baldwin County. The Department appeals.
*930 The dispositive issue on appeal is whether the Department of Revenue may assess motor vehicle taxes against a nonresident vehicle owner who fails to properly display a license tag. We hold it may not and affirm.
The record reveals the following: While the evidence is in conflict, there is evidence that from October 1; 1976, until September 20, 1977, the taxpayer was a resident of Louisiana. He is in the motor vehicle freight hauling business and owned two tractors and a trailer.
The record further reveals that the taxpayer duly licensed his equipment in Louisiana in 1977. On February 11, 1977, the State issued a citation to the taxpayer for operating the rig on Alabama highways with expired Alabama tags. At the time of the citation, the taxpayer produced no proof that the vehicle was duly licensed in Louisiana.
The Department assessed the taxpayer for delinquent taxes as a result of the citation and the taxpayer appealed to the circuit court. After an ore tenus hearing, the trial court set aside the assessments.
On appeal, the Department initially contends that the taxpayer’s failure to properly display valid Louisiana motor vehicle license tags authorizes the State to assess Alabama motor vehicle taxes on the vehicle. We disagree.
At the outset, we observe that license statutes are strictly construed against the State and their application cannot be enlarged by implication. State v. Dr. Pepper Bottling Co., 26 Ala.App. 125, 155 So. 92, cert. denied, 228 Ala. 607, 155 So. 93 (1934).
Under § 40-12-262, Code of Ala. 1975, a nonresident may operate a commercial motor vehicle without paying Alabama license fees if the State Department of Revenue has a reciprocal agreement with the State of the nonresident, and the nonresident procures valid license tags from the state in which he resides.
A reciprocal agreement was in force between Alabama and Louisiana at all times pertinent to this action. It appears that under this agreement, there is no requirement that a vehicle owner display his license tags in any particular manner in order to avoid the license tax fees of another state such as Alabama. The agreement merely requires that the vehicle owner pay the taxes to the state of his domicile and procure valid license plates.
We further note that § 40-12-258, Code of Ala.1975, provides the appropriate remedy to the State in this situation. This section specifies a penalty for the failure to properly display license plates. Violations are considered misdemeanors which are punishable by fines. There is no provision in the code which expressly grants the Department of Revenue the power to assess taxes in addition to or in lieu of the statutory fine against one who has valid license plates from another state with which Alabama has a reciprocal agreement.
In the instant case, the record reveals that the taxpayer in fact procured Louisiana tags for his tractors, notwithstanding the fact that he failed to display them on his vehicle. Thus, it is clear to this court that, while there is no question that there was a violation of § 40-12-258 because of the failure to properly display the Louisiana tags, the taxpayer is not liable for the Alabama license fees which the State seeks to impose. Put another way, the State is not authorized under § 40-12-262 to levy a motor vehicle license tax in addition to or in lieu of the statutory fine set forth in § 40-12-258 where the taxpayer has valid license tags, but simply fails to properly display them.
The Department additionally contends that because its assessments are presumed prima facie correct on appeal, the taxpayer has failed to overcome the burden that the assessment is incorrect. See, e. g., Alabama Textile Products Corp. v. State, 263 Ala. 533, 83 So.2d 42 (1955).
The record indicates that at the hearing below, the taxpayer produced Louisiana Department of Public Safety registrations for his two tractors and these unquestionably *931 established the fact that the vehicles were properly licensed at the time of the citation. In addition, the taxpayer orally testified, without objection, that he had likewise procured a similar registration for his trailer although he was unable to produce the registration in open court. Under the facts of this case, we are of the opinion that the taxpayer rebutted the presumption that the Department’s assessment was prima facie correct, particularly in view of the fact that the State failed to interpose an objection to the taxpayer’s testimony that his trailer was licensed or failed to produce evidence to the contrary. See, e. g., Phillips v. Langston, 17 Ala.App. 572, 88 So. 177 (1920).
In view of the above, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.