# The State v. Fleming.

*Action by the State to recover Amount due as a License Tax.*

1. *License for retailing spirituous liquors; a tax for revenue.*—The amount required by statute for engaging in this State in the business of retailing spirituous liquors, (Code of 1886, § 629, sub-div. 3), is a tax for the purpose of revenue.

2. *Same; recoverable in an action of debt.*—When any party engages in the business of retailing spirituous liquors without having paid the license tax required by statute (Code of 1886, § 629, sub-div. 3), the amount thereof being specific and ascertained, the State can recover the tax so imposed in an action of debt.

3. *Same; same; not affected by criminal statute.*—The right of the State to recover in an action of debt the license tax for engaging in the business of retailing spirituous liquors is not affected or concluded by the criminal statute, which provides that upon the conviction of any person for engaging in a business for which a license is required, without having taken out such license, he shall be fined three times the amount thereof (Cr. Code of 1886, § 3892); the purposes of the two statutes being different, and the remedy provided by the latter being neither specific nor exclusive for the collection of the license tax.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the State against David Fleming for the price of licenses as a retail liquor dealer for three years. The complaint contained three counts. The first count was as follows: "The State of Alabama, as plaintiff, claims of David Fleming, as defendant, the sum of three hundred ($300) dollars due from the defendant to the plaintiff for State license tax as a retail dealer in vinous, spirituous and malt liquors in the city of Montgomery during the year 1889; which said city of Montgomery, wherein said defendant conducted said business was during the year 1889 a city having more than ten thousand inhabitants; which said sum of money with

[The State v. Fleming.]

the interest thereon since the 15th day of January, 1889, is due and unpaid. Plaintiff avers that during said year the defendant engaged in the business of a retailer of vinous, spirituous and malt liquors in said city of Montgomery without having paid for a license to engage in such business." The other remaining counts were exactly like the first, except that they severally declared for different years—the second count for 1891, the third count for 1892. To the complaint the defendant demurred upon the following grounds: 1st. That the complaint "shows on its face that this is a suit to recover of defendant a license fee as a retail dealer in spirituous, vinous and malt liquors—an action not authorized by any statute or law of this State." 2d. The complaint fails to aver or show any contract, express or implied, upon which this action is predicated. 3d. The complaint shows on its face that there is no contract expressed or implied, upon which to predicate this suit. 4th. The complaint on its face claims interest on the money alleged to be due on said license. 5th. The complaint shows on its face that this suit is an attempt to collect of defendant a fee for the doing of an unlawful act, and one in violation of a criminal statute of this State. 6th. The remedy provided by section 3892 of the Code of 1886, is exclusive of the remedy sought to be enforced by this action. The court sustained this demurrer to the complaint, and the plaintiff declining to amend his complaint, there was judgment rendered in favor of the defendant. From this judgment the State appeals, and assigns as error the ruling of the trial court in sustaining the defendant's demurrer to the complaint, and in rendering judgment in favor of the defendant.

WILLIAM C. FITTS, Attorney-General, for the State.— The distinction has frequently been drawn between licenses issued in the exercise of the police power and licenses issued in the exercise of the taxing power. In determining under which of these heads, a license issued should fall, the controlling inquiry is, whether in imposing the license, the object of the legislature was to raise revenue. If that appears to be the object, a license is a tax, and can not be held to have been imposed in the exercise of the police power.—*L. & N. R. R. Co. v. Baldwin*, 85 Ala. 619; Cooley on Taxation (2d ed.), 572-597.

[The State v. Fleming.]

Sub-division three of section 629 is a part of Chapter 9, under the title head of "Taxation," and is found in the midst of a vast number of references to other employments which in their very nature do not require police supervision, and the taxes therein imposed upon them are clearly for the purposes of revenue.

2.  It is well settled that although the State may be given summary processes by statute to collect its taxes, it may still maintain an action for that purpose.—*Perry County v. Railroad Co.*, 58 Ala. 546 ; *Winter v. City Council*, 79 Ala. 487, and authorities cited.

3.  It does not in the least affect this right of recovery, that the failure to pay the tax is also made an offense against the criminal laws of the State. If that were so, the State could recover in no case for unpaid licenses ; because in all such cases it is made a penal offense to engage in the particular business without having first taken out and paid for the prescribed license. Indeed, there could be no civil recovery from the various tax collectors, for by section 3898 of the Criminal Code, the failure to pay over the money is made a penal offense.

A. A. WILEY, *contra.*—The expression of one thing is the exclusion of another. "*Expressio unius exclusio alterius.*" In construing a statute each and every word must be given its separate meaning and effect ; and it is to be inferred that the legislature knew how to use terms applicable to the subject matter.—*Lehman, Durr & Co. v. Robinson,* 59 Ala. 234. The section 620 gives the Auditor authority to bring suit in the name of the State, for the collection of taxes against "defaulting taxpayers," but does not vest in him any right to sue for license fees. That section providing a remedy against defaulting taxpayers, in a matter pertaining to taxes, must be confined exclusively to that class of cases, and cannot be extended by judicial construction to embrace licenses.— *Ex parte Vollandigham,* 1 Wallace, 252. The act must be strictly construed and closely followed. Law courts in construing a legislative act cannot amend or modify it because they do not possess legislative powers, and can know nothing of public policy, except as derived from the Constitution and the laws of the land. Questions of policy and expediency ought to be addressed to the leg-

islature, and not to courts of law.—*Bettis v. Taylor*, 8 Port. 564 ; *Baldwin v. Hewitt*, 88 Ky. 673 ; *Louisville Water Co. v. Com.*, 89 Ky. 244.

2.   A license fee is not a tax.—*Ash v. People*, 11 Mich. 347 ; *Chilvers v. People*, 11 Mich. 43 ; *Pleuler v. State*, 11 Neb. 547 ; *East St. Louis v. Wherung*, 46 Ill. 392.

3.   An action for debt is predicated upon a contract, either expressed or implied.   A license is a permission to do business upon the payment of a stipulated price for the privilege or franchise. It is not a tax. A license, even when issued to a dealer in spirituous, vinous and malt liquors, is in no sense a contract between the State and licensee, but it is merely a permit, revocable at the option of the State. It is not a contract, either expressed or implied, between the defendant and the State.—*Powell v. State*, 69 Ala. 10.

4.   No license was ever issued in this case, and the complaint avers that the defendant engaged in and carried on the business of a retail dealer in spirituous, vinous and malt liquors, in a city numbering ten thousand inhabitants, without first having paid for and taken out a license as required by law : that is to say, the defendant did business in violation of a criminal statute of the State.   The complaint, therefore, shows that defendant not only did not *assume* to pay for and take out a license, but refused to pay for the same, and incurred thereby the pains and penalties denounced by the criminal statute for engaging in and carrying on an unlawful business.   See *People v. Craycroft*, 2 Cal. 243 ; *People v. Rayners*, 3 Cal. 366 ; *Santa Cruz v. Spreckels*, 57 Cal. 133 ; *Ash v. People*, 11 Mich. 347 ; *Chilvers v. People*, 11 Mich. 43 ; *Pleuler v. State*, 11 Neb. 547.

COLEMAN J.—David Fleming, having engaged in the business of retailing vinous, spirituous, or malt liquors, without having paid for a license to engage in such business, the State instituted the present action to recover the amount of the license fixed by statute.   The court sustained a demurrer to the complaint, and the State declining to amend, there was a verdict and judgment for the defendant.   The principal grounds of demurrer are that the action is in form upon a contract, and the complaint on its face negatives the existence of

[The State v. Fleming.]

any contractual relation; and, second, that the only remedy in such cases is by indictment.

In one sense, there is no element of contract in taxation, in that the taxing power imposes the tax and enforces its collection whether the party taxed assents or dissents. In fact, as to the particular assessment upon property, according to the provisions of a valid statute, he is not consulted; and yet the action of debt is a common remedy for the collection of taxes, which are specific and definitely ascertained by law.—5 Enc. Pl. & Prac., pp. 908, 909, and authorities; *Perry County. v. Railroad Co.*, 58 Ala. 546. Questions frequently arise as to whether the power conferred upon municipalities is that of taxation or mere regulation, but these questions cannot often arise as to the power of legislatures. A tax which applies to all of a class alike is not obnoxious to the constitutional provision which prohibits unequal discrimination. That the legislature has authority to exercise police power over certain avocations of life, and at the same time power to tax these avocations for the purpose of revenue, is clear.

The amount required by the State for the privilege of engaging in the business of retailing spirituous liquors is a tax for the purpose of revenue. Section 629 of the Code of 1886 reads as follows: "Persons required to take out licenses and prices to be paid therefor.—Licenses are required of all persons engaged in, or carrying on any business, or doing any act in this section specified, for which shall be paid, for the use of the State, the following taxes, to-wit," etc. In subdivision 3 of this section it is provided that retailers of spirituous, vinous or malt liquors in any city or town of more than 10,000 inhabitants shall pay $300. The decisions of the State are uniform that the license is a tax for reveenue.—*Hirschfelder v. State*, 18 Ala. 112; *Harris v. State*, 50 Ala. 127; *Weil v. State*, 52 Ala. 19; *McPherson v. State*, 54 Ala. 221; *Moore v. State*, 16 Ala. 411. The statute declares (section 629, *supra*), that the license is a tax "for the use of the State." The amount is specific and ascertained. Unless there be some statute or principle of law, debt is the proper action to recover the tax.— *Chandler v. Hanna*, 73 Ala. 390; *Janney v. Buell*, 55 Ala. 408.

This brings us to the consideration of the second ques-

tion raised by the demurrer, and that is whether the statute has provided a remedy "which is specific and exclusive" for the collection of the tax. This contention is based solely upon section 3892 of the Criminal Code of 1886, which reads as follows : "Any person who * * * engages in or carries on any business for which a license is required, without having taken out such license must, on conviction, be fined three times the amount of the State license." The fact that the amount of the fine is regulated by the amount of the license imposed by the State as a tax for revenue in no way supports the contention that the fine becomes a part of the revenue when collected by indictment. Section 4894 of the Criminal Code of 1886 reads as follows : "All fines go to the county in which the indictment was found or the prosecution commenced, unless otherwise expressly provided ; and judgment therefor must be entered in favor of the State, for the use of that particular county." Indictments in cases of misdemeanors, unless otherwise provided, are left to the discretion of the grand jury. We cannot reasonably conceive that it was ever intended that the collection of taxes, whether collected upon property or imposed upon avocations, should be left to the discretion of the grand jury, to be exercised, perhaps, differently under like circumstances, or that the liability for taxes should be established beyond a reasonable doubt. It must be borne in mind that the present action is not to recover the penalty imposed for the violation of a statute. It may be that if the suit was for the amount of the fine, that is, three times the amount of the taxes, it could not be done except by indictment. The act of 1848 expressly provided that the fine should be recovered by indictment. This provision, that the fine should be recovered by indictment, has not, however, been continued in the later acts, and the statute and fine are subject to the same rules and regulations as other criminal statutes. Section 631 of the Code of 1886 is as follows : "It shall be unlawful for any person, firm or corporation to engage in or carry on any business, or do any act for which a license is by law required, without having first paid for and taken out a license therefor in the manner in this article provided." No penalty is provided in this statute, and but for section 3892 of the Criminal Code, *supra*, the penalty for a violation of section 631 would be

covered by section 4192 of the Criminal Code, which provides that, for a commission of a misdemeanor, whether a misdemeanor by common law or made so by statute, when no specific punishment is prescribed, on conviction the party shall be fined not more than $500, and may also be imprisoned. Sections 1319 and 1320 of the Code of 1886 forbid the granting of a license to any one, except upon certain conditions therein prescribed.

Construing all these sections together, we have no doubt the legislature, in providing for the issue of a license, for retailers of spirituous liquors, intended to exercise its taxing power to raise revenue for the use of the State, as declared in the revenue act itself, and at the same time to exercise its police powers in the interest of public morals. Section 3892 of the Criminal Code was intended to secure the prompt collection of the tax imposed upon the business for which a license is required, and at the same time conserve the public morals. It was not intended that the tax should be collected by indictment and fine, for upon conviction, the fine does not go to the use of the State, as the statute declares it must, when collected, but goes to the county, for other purposes. We then have the case as one where a specific, ascertained amount is imposed as a tax for the use of the State, and no special statutory provision for the collection of the tax is provided. In such cases, upon principle and authority, the proper action is debt.—25 Am. & Eng. Enc. of Law, pp. 312, 313, and notes ; *Perry County v. Railroad Co.*, 58 Ala. 546. The complaint is not subject to the grounds of demurrer assigned, and the court erred in sustaining the demurrer.

Reversed and remanded.