# Greil Bros. Co. *v.* City of Montgomery.

### *Bill to Enforce Lien for Municipal Taxes.*

(Decided June 10, 1913.　62 South.　692.)

1. *Equity; Jurisdiction; Liens.*—A court of equity has jurisdiction to enforce liens in all cases, ·both equitable and statutory, except where by prescribing a method for the enforcement of statutory liens the legislature has impliedly excluded the remedy in equity.

2. *Same; Equitable Lien.*—As distinguished from legal liens, equitable liens are those which arise out of contract or dealings of parties and impose the burden of payment upon particular property, real or personal, and these liens may at any time be enforced in a court of equity.

3. *Taxation; Exemptions.*—Property held by the state or state agencies is generally exempt from taxation unless the intent to render it subject clearly appears.

4. *Same; Collection.*—Assumpsit will lie for the collection of taxes, although a statutory action is given, and taxes may be thus collected after the expiration of the tax year in which they are assessed.

5. *Same; Tax Sale.*—In order to sell property for taxes against the consent of the owner, every substantial requirement of the law must be complied with, and no presumption can be raised to supply defects in the proceedings for the sale.

6. *Same; Foreclosure of Lien.*—The holders of the capital stock of a corporation being the real parties in interest must be made parties to a proceeding to foreclose a tax lien upon the capital stock of a corporation.

7. *Municipal Corporation; Collection of Taxes; Mode.*—The power of taxation is a legislative power, and the legislature may determine the mode of collection of taxes, and hence, where the statutes and the charter of a municipality provide methods for collecting taxes assessed by the municipality against the capital stock of corporations, that method should be followed, and the equitable action to enforce the tax lien should not be resorted to.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by the City of Montgomery against the Greil Bros. Company to declare a lien upon the capital stock of said company and sell the same for payment of taxes due the said city. From a decree overruling demurrers

to the bill, respondent appeals. Reversed, rendered, and remanded.

The case made by the bill is that the corporation has capital stock, of the par value of $100,000, divided into shares of $100 each; that the real and personal property owned by the company and subject to taxation amounted to $52,225, which, being deducted from the capital stock, leaves the sum of $47,775 subject to taxation, and that upon this amount for the year 1906 the city of Montgomery levied a tax of $11.25 per $1,000, amounting in the aggregate to $537.47; that such tax was levied upon the corporation for the year 1906, and that the corporation has failed and refused to pay said tax. It is further alleged that the city has a lien for the unpaid municipal tax upon said corporation under the laws of Alabama, for the payment of said taxes and arrears. The demurrers raise the question of no equity, complete and adequate remedy at law, limitation, laches, and want of proper parties to the bill, and a want of the pursuance of a remedy provided by law for the collection of municipal taxes, and that nothing is shown fixing a lien on the capital stock for the taxes herein sought to be collected.

STEINER, CRUM & WEIL, for appellant. Even if it be conceded that the appellee is entitled to the lien claimed the bill is without equity for that the power of taxation is legislative, and the legislature has prescribed by statute as well as by charter to the city of Montgomery the mode and method of collecting these taxes. This method, then, is exclusive, and must be followed.—*City of Huntsville v. Madison County,* 166 Ala. 393; 4 Dill. Mun. Corp. sec. 1414; 32 L. R. A. (N. S.) 1020; Acts 1896-7, p. 284; Acts 1892-3, p. 380. Even the action of assumpsit will lie to recover taxes after the tax year has ex-

pired.—*City of Anniston v. So. Ry.,* 112 Ala. 557; *So. Ry. v. State,* 150 Ala. 527; *Winter v. City of Montgomery,* 79 Ala. 481. It is uncertain from the allegation of the bill whether the attempt is to enforce the lien against the capital stock of the corporation, or against the shares representing the capital stock, and if the latter, then the owners of the shares should be made parties to the bill as they are the persons primarily liable.

JOHN V. SMITH, for appellee. Under the revenue law as found in the Political Code of 1907, and Acts 1903, p. 187, and section 2182, Code 1907, equity is the only remedy which can make effective the lien which the city had for these taxes. A tax imposed by law on the capital stock of a private corporation is a tax on its property, and not on its franchise.—*State v. Stonewall I. Co.,* 89 Ala. 335. The lien attaches from the date of delinquency.—*Kuhl v. Long,* 102 Ala. 563. The other means of collecting the taxes are cumulative, and the city had a right to go into chancery to enforce the lien.—*City of Anniston v. So. Ry.,* 135 Ala. 563. The statute of limitations governing liens of this character is twenty years.— *Perry County v. S. M. & M. R. R. Co.,* 58 Ala. 546.

MAYFIELD, J.—This is a bill, by a municipal corporation, to enforce a lien for municipal taxes accruing for the year 1906. It is an initial suit in equity, to collect such taxes by an enforcement of the lien given by statute for such taxes. For this purpose the bill seeks a sale of the capital stock of the appellant corporation. The sole equity upon which the bill rests is to enforce such lien by a sale of such stock.

Complainant insists, and the trial court held, that a court of equity has original and inherent jurisdiction to enforce all liens, and that it will proceed to do so, on a

bill filed for that purpose, in the absence of an express statute depriving the court of such jurisdiction. We do not think this to be a correct or an accurate statement of the rule in this state. While this court has unquestionably gone much further than most of the state courts in asserting and maintaining equity jurisdiction for the purpose of enforcing liens, we do not think it has gone to the extent to which such jurisdiction is asserted and maintained in this case by the trial court.

The rule was probably as broadly stated in the case of *Crass v. M. & C. R. R. Co.*, 96 Ala. 447, 11 South. 480, as it is to be found in our decisions. It is there said : "The rule which prevails in this state is that declared by Mr. Pomeroy, and is as follows : 'Although a statute may confer a remedy for the enforcement of a right in a court of law, unless the statute contains negative words, or other language expressly taking away a pre-existing equitable jurisdiction, or by its reasonable construction and its operation show a clear legislative intent to abolish that jurisdiction, the equitable jurisdiction remains unabridged.'—1 Pom. Eq. Juris. § 279. A common carrier undoubtedly is entitled to a lien for freight upon the goods carried, and the right to retain possession of them until his reasonable charges are paid.—2 Wait's Actions & Defenses, p. 60, § 2; Story on Bailments, § 588; *Long v. Mobile & Montgomery Railroad Co.*, 51 Ala. 512. The lien exists independent of any remedy given by statute for its enforcement, and we do not doubt that a court of chancery has jurisdiction to enforce it.—*Westmoreland v. Foster*, 60 Ala. 453 ; 2 Kent, § 642."

That this state has gone further to uphold equity jurisdiction to enforce liens than most states is pointed out in the case of *Aldine v. Phillips*, 118 Mich. 161, 76 N. W. 371, 42 L. R. A. 531, 74 Am. St. Rep. 380, 387, et

seq., where it is said: "When we search for cases where statutory or common-law liens have been foreclosed in equity upon bills filed for the purpose, we find few, though it is probable that the states of Alabama, Kentucky, Illinois, and Maryland would sustain the practice. In *Westmoreland v. Foster,* 60 Ala. 448, a bill was filed against a tenant to enforce a lien for rent, against cotton in the hands of the vendee of the tenant. It was there held that a statutory lien, which is an incident of some contract made, is enforceable by the common processs of the law. This case proceeded upon the theory of a trust. *Tutwiler v. Tuskaloosa, etc., Land Co.,* 89 Ala. 391 [7 South. 398], was a case where the stockholder filed a bill to enjoin a sale of his stock on account of a failure to pay calls, and to have the affairs of the corporation settled, and an account stated A demurrer was sustained, and the complainant appealed. The case was affirmed, and the court seems to have held that the lien on the stock could have been foreclosed in chancery, citing *Westmoreland v. Foster,* 60 Ala. 448, as authority. This case was followed by *Crass v. Memphis, etc., R. R. Co.,* 96 Ala. 447 [11 South. 480]. A bill was filed to enforce a common carrier's lien, and to require the defendants to interplead as to the ownership of the property which was in the carrier's possession. The court said that it had no doubt that a court of chancery had jurisdiction to enforce the lien, again citing *Westmoreland v. Foster,* 60 Ala. 448, and the authority quoted from Kent. It is fair to say that, while each of these cases alleges some other ground of jurisdiction than the mere foreclosure of a lien, the latter case indicates that a bill filed for foreclosure only would be sustained."

In each of the cases above referred to there was an independent equity, and the enforcement of the lien was incidental thereto.

The rule has been thus stated by this court in other cases: Under our statutes equity has jurisdiction to enforce the statutory lien of mechanics and material-men; and, if a materialman has obtained a judgment at law on his claim, and become the purchaser of the property at a sale under it, he may come into equity, against a prior mortgagee who has also become the purchaser of the property at a sale under his mortgage, to have the priorities of their respective liens adjusted and the property sold for their satisfaction.—*Birmingham Building, etc., Ass'n v. May, etc., Co.,* 99 Ala. 276, 13 South. 612.

On the other hand, it has been decided that where a statute creates a specific mechanic's lien, and gives a specific remedy for the enforcement of such lien, a court of equity has no jurisdiction to enforce it, in the absence of some special ground of equitable interposition such as renders the remedy at law unavailable or inadequate. —*Walker v. Daimwood,* 80 Ala. 245; *Chandler v. Hanna,* 73 Ala. 390; *Enslen v. Wheeler,* 98 Ala. 200, 13 South. 473.

This court has in other cases pointed out the distinctions and differences between certain liens conferred by statute, which are unenforceable in a court of equity, without other independent equity than the mere enforcement of liens, such as bills to enforce liens upon the property of sureties on the bonds of tax collectors.

In *Lott's Case,* 79 Ala. 74, it is said: "The statute declares that 'the bond of the tax collector shall operate, from its execution, as a lien in favor of the state and county on the property of such tax collector, for the amount of any judgment which may be rendered against him in his official capacity for the state or county taxes, and on the property of his sureties, from the date of his default.'—Code 1876, § 403. 1. That the Chancery

Court will assume jurisdiction to enforce a lien of this kind is now well settled by our decisions, and this irrespective of any other equity; none other in fact being requisite.—*Shussler v. Dudley* [80 Ala. 547, 2 South. 526, 60 Am. Rp. 124] ; *Knighton v. Curry,* 62 Ala. 404; *Dallas County v. Timberlake,* 54 Ala. 403."

In *Timberlake's Case,* 54 Ala. 417, such statutory liens as equity will enforce without any other equitable grounds are distinguished from those which it will not enforce, as follows: "Nor can we agree with counsel for the appelles in holding that the lien which the bond 'operates' is like that of a judgment or execution of a court of law, a creature of legislation merely, and not within the cognizance of a court of equity. The only reason why a court of equity cannot enforce the latter lien is that it pertains as a mere incident to the judgment or execution, and is inseparable therefrom. But a tax collector's bond being a contract, by which the law has previously declared liens shall be created, its liens are liens by contract, on the part of the persons who execute the bond, as much as that of a mortgage would be."

In a well-considered case by the Supreme Court of Michigan (118 Mich. 162, 76 N. W. 371, 42 L. R. A. 531, 74 Am. St. Rep. 380), it is said: "Upon the part of the defendant it is claimed (1) that equity has no jurisdiction to enforce a sale of the property to satisfy the statutory lien in a proceeding brought solely for that purpose," etc. After quoting, citing, and reviewing many authorities, including text-books and decided cases, the court says: "Does it follow that a common-law lien can be foreclosed in equity because it does not confer upon the creditor the right to sell the property? It is evident that, in cases of common-law lien for a liquidated claim, a judgment and execution are as expeditious and effective as a proceeding in equity would be likely to be, and

an application of the familiar doctrine that equity will not intervene when there is an adequate remedy at law would seem proper. It is a significant fact that we are not cited to any well-settled line of authorities that supports the practice of foreclosing common-law liens in equity. At the same time, Chancellor Kent, in discussing the subject, says: 'I presume that satisfaction of a lien may be enforced by a bill in chancery.'—2 Kent's Commentaries, 642. He supports the statement by no authorities, however. It is manifest that there is confusion in the law upon this subject. If it is true that equity has jurisdiction to enforce payment by foreclosure in all cases of statutory liens, it must be because of a difference between them and common-law liens which we have not been able to discover, or because of the force to be accorded to authorities comparatively modern, few of which are cases of foreclosure merely. We are of the opinion that resort to equity is neither necessary nor permissible in the majority of lien cases, and that the courts of law can deal with them cheaply and expeditiously. On the other hand, we have no doubt that equity, having jurisdiction for other purposes, may order sales of property for the satisfaction of liens, as was done in our own case, already cited."

This seems to us to be the condition of the authorities, and while that decision places this court in that class which has gone furthest in upholding the jurisdiction of equity to enforce liens, we are not willing to go to the full length to which the trial court seems to have gone in this case, to wit, of holding that equity has jurisdiction in all cases to enforce statutory liens, in the absence of statutory provisions prohibiting such jurisdiction; but we prefer to limit the rule to the cases which have been heretofore decided by this court, and we do not find that any of them (unless in some dictum) have

gone to the length of holding that a court of equity has original and inherent jurisdiction to enforce all statutory liens, unless the statutes otherwise expressly provided; but, as we have shown above, as we think, this court has expressly decided to the contrary.

Equitable liens as distinguished from legal liens, of course stand upon a different ground. The rule in such cases is well stated by Mr. Freeman in a note to the case of *Aldine v. Phillips,* 74 Am. St. 87, as follows: "An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings. It is settled beyond question that a court of equity is the appropriate tribunal for the enforcement of an equitable, as distinguished from a statutory or common-law, lien.— *Vallett v. Whitewater Vally Canal Co.,* 4 McLean, 192 [Fed. Cas. No. 16,820]; *Rigely v. Iglehart,* 33 Bland [Md.] 540; *Holly Mfg. Co. v. New Chester Water Co.* [C. C.], 48 Fed. 89; *Walker v. Casgrain,* 101 Mich. 604 [60 N. W. 291]; *Smith v. Jackman,* 115 Mich. 192 [773 N. W. 228]; *Buchan v. Sumner,* 2 Barb. Ch. [N. Y.] 165, 47 Am. Dec. 165. 'In equity there is no difficulty in enforcing a lien or any other equitable claim constituting a charge in rem, not only against real estate, but upon personal estate, or upon money in the hands of a third person, whenever the lien or other claim is a matter of agreement against the party himself and his personal representatives, and against every person claiming under him, voluntarily or with notice. Every such agreement for a lien or charge in rem constitutes a trust, and is accordingly governed by the general doctrine applicable

to trusts.—*Fletcher v. Morey,* 2 Story, 555, 565 [Fed. Cas. No. 4,864]."

There is another rule which we think controlling in this case, and that is as to modes and remedies for the collection of taxes, and this is the evident ultimate purpose of this bill. It was said by this court, quoting and approvingly applying the rule as stated by a text writer on the subject of taxation: "Property owned and held by the state and counties for public purposes is generally exempt from taxation of any description, and is not to be deemed subject to taxation in any form, unless the intent of the Legislature to render it so clearly appears.—*Worcester County v. Mayor of Worcester,* 116 Mass. 193 [1 Am. Rep. 159]; Page & Jones on Taxation, § 580; Gray on Limitation of Taxing Powers, §§ 1906, 1174, 1175." *City of Huntsville v. Madison County,* 166 Ala. 392, 52 South. 3327 (139 Am. St. Rep. 45).

An action of assumpsit will lie at the suit of the state or a municipal corporation for the collection of taxes, although a statutory action is given.—*Anniston v. So. Ry. Co.,* 112 Ala. 557, 20 South. 915; *State v. Fleming,* 112 Ala. 179, 20 South. 846; 4 Mayf. Dig. 928.

Taxes may be collected after the expiration of the tax year in which they are assessed. The levy and assessment creates a legal liability on the taxpayer to pay, which may be enforced by an action at common law, unless the statutes provide an exclusive remedy.—*S. & M. R. R. Co. v. Weaver,* 58 Ala. 546; 4 Mayf. Dig. 928.

A specific remedy given by charter or ordinance of municipality for the collection of taxes is not exclusive of the remedy of an action at law.—*Anniston v. So. Ry. Co.,* 112 Ala. 557, 20 South. 915; 4 Mayf. Dig. 928.

In the case of *Johnson v. Harper,* 107 Ala. 708, 18 South. 199, some salutary rules as to the sale of proper-

ty to enforce liens, are announced. It is there said: "We have many times said that in a sale of land for taxes great strictness is required. To divest an individual of his property against his consent, every substantial requirement of the law must be complied with. No presumption can be raised in behalf of a collector who sells real estate for taxes, to cure any radical defect in its proceedings; and the proof of regularity devolves upon the person who claims under the collector's sale.— *Clarke v. Rowan, supra* [53 Ala. 400] ; *Oliver v. Robinson,* 58 Ala. 46; *Dane v. Glennon,* 72 Ala. 160; *Feagin v. Jones,* 94 Ala. 600 [10 South. 537] ; Black on Tax Titles, § 205; Cooley on Taxation, pp. 472, 482, 517. In the authority last cited it is said to be an accepted axiom, when tax sales are under consideration, that 'a fundamental condition to their validity is that there should have been a substantial compliance with the law, in all the proceedings of which the sale was the culmination. This would be the general rule in all cases in which a man is to be divested of his freehold by adversary proceedings, but special reasons make it peculiarly applicable to tax sales.'—Cooley on Taxation, 324."

The same rule has been announced by the Supreme Court of the United States. That court has said, speaking through that great and learned writer, Field, J.: "In the distribution of the powers of government in this country into three departments, the power of taxation falls to the legislative. It belongs to that department to determine what measures shall be taken for the public welfare, and to provide the revenues for the support and due administration of the government throughout the state and in all of its subdivisions. Having the sole power to authorize the tax, it must equally possess the sole power to prescribe the means by which the tax shall be collected, and to designate the officers through

[Greil Bros. Co. v. City of Montgomery.]

whom its will shall be enforced."—*Preston v. Sturgis Milling Co.,* 183 Fed. 1, 105 C. C. A. 293, 32 L. R. A. (N. S.) 1026; *Huntsville v. Madison County,* 166 Ala. 393, 52 South. 326, 19 Am. St. 3Rep. 45. The municipal charter and the Code having provided remedies for the collection of taxes, that mode must be pursued.—Acts 1892-93, pp. 380-385.

In the case of *Winter v. Montgomery,* 79 Ala. 481, the equity of the bill was expressly placed on the ground of the inadequacy of the remedy at law, because no personal action would lie against a married woman.

For these reasons, we see no necessity for, nor right of, the city to resort to this mode of collecting the taxes in dispute, or of enforcing the lien; and surely, if the lien is to be enforced by a sale of the stock, in a judicial proceeding in a court of equity, the owners of the stock to be sold ought to be parties to the proceeding, or to have some notice of the sale before being deprived of their property by such proceeding and sale.

It might be of little concern to the corporation as to who owns its stock; but it is, of course, of much concern to the owners of this stock that they be not deprived of their property without due process of law.

We do not think this bill invulnerable to demurrer, as was held by the court below; but we are of the opinion that it was severely, if not fatally, wounded by the demurrer interposed thereto.

It results that the trial court erred in overruling the demurrer, and a decree is here rendered sustaining it; but the case will be remanded in order that the bill may be amended, if the facts in the case will justify such amendments as will give it equity.

Reversed, rendered, and remanded. All the Justices concur.