## STATE v. NEW FLORENCE OPERATING CO. (6 Div. 183.)

(Court of Appeals of Alabama. Jan. 30, 1923. Rehearing Denied April 10, 1923.)

**1. Statutes ⬤⇒245—Providing for taxation to be construed strictly against the state.**

Statutes providing for taxation are to be construed strictly against the state and in favor of the taxpayer, and the burden and liability which they impose are to be kept within the strict letter of the law, and not extended beyond its clear terms by any inference, implication, or analogy.

**2. Licenses ⬤⇒15(1)—Hotel not required to pay license on coin lock as "slot machine."**

A coin lock placed on doors of toilets by a hotel, which could be opened by a key in the hands of employees, brass checks furnished guests, or nickels by other persons, are not nickle-in-the-slot machines, within the meaning of Revenue Act 1919, schedule 73, requiring the payment of a license; such locks being fixtures and a part of the realty.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Slot Machine.]

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

---

Action by the State of Alabama against the New Florence Operating Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The case was tried upon an agreed statement of facts, as follows:

"In the above-styled cause, it is agreed between the parties plaintiff and defendant that this case be tried without a jury upon an agreed statement of facts, which are as follows:

"It is agreed that the New Florence Operating Company is a corporation doing business in Jefferson county, Alabama, and operates a hotel known as the Florence Hotel in the city of Birmingham, consisting of 100 rooms, of which approximately one-third have private baths and toilets in connection with said rooms, and the remainder of said rooms are without private bath and toilets; that in connection with its hotel, and on the grade floor thereof, the defendant operates and maintains a wash room and lavatory and five toilets for the accommodation and convenience of its guests and the employees connected with said hotel; that each of said toilets are individual affairs, admission thereto being gained by a door; that during the year 1922 the defendant has maintained on each of said doors a coin lock, one of which is herewith presented to the court as Exhibit A to this agreed statement of fact; that the defendant purchased three of said coin locks like the one here offered in evidence, and installed them in its said hotel on the doors to said toilets as aforesaid, and the same became fixtures and part of the realty by reason of being attached to said doors and building in a permanent manner; that the reasonable cash value of each of said locks at the time they were purchased and installed as aforesaid, and at the present time, was and is $12.50 each; that the three toilets maintained in connection with the lavatory and washroom above mentioned are maintained for the convenience and accommodation of the guests in said hotel and the employees in said hotel, and are maintained in connection with the lavatory which is maintained according to the health laws of the state of Alabama; that, said toilets being on the grade floor of said hotel, a large number of the general public takes the liberty of gaining access thereto from time to time; that this defendant does not give its consent to the general public obtaining access to the lavatory washroom and to said toilets, but as a practical proposition it is practically impossible to exclude the public therefrom, and therefore allows public to use same; that the coin locks maintained by this defendant as aforesaid can be unlocked in any one of the three different ways, as follows: First, by a key which is carried by the officers of the defendant, and its employees; second, by a brass slug or check approximately the size of a five-cent piece, which slug or check is furnished free to the employees of the hotel and to all guests of the hotel who desire the same; third, by placing a five-cent piece in the slot on top of the lock, which means is resorted to by that part of the general public that sees fit to pay this price for the desired accommodation.

"It is further agreed that the lock so offered in evidence is an appliance consisting of a spring and bolt for the fastening of the door, and that said lock can be unlocked in either one of the three ways referred to above.

"It is further agreed that neither one of the three locks renders any service to any person who holds a key thereto, or who deposits a brass slug or check, or five-cent piece therein; that the sole office of said lock is to keep the door to said toilets closed until the lock is unlocked in one of the three ways above referred to.

"It is further agreed that this defendant has not paid the license prescribed by schedule 73 of the Revenue Act of the state of Alabama adopted at the 1919 session of the Legislature, imposing a license on certain nickel-in-the-slot machine or other device of like character; but that the defendant has paid the license prescribed by schedule 58 of said revenue law imposing a license on hotels, as well as all taxes due on real property and the building on which the hotel is located, and in which it is operated. That the amount of license tax due, if any is due, including penalties is $57.50.

"It is further agreed that proper notice and demand has been given and made by the duly authorized authorities for the license tax prescribed in schedule 73 of the Revenue Act of 1919, and that the payment thereof has been refused by the defendant."

The trial court, sitting without a jury, rendered judgment for the defendant, and from that judgment the state prosecutes this appeal.

Thomas J. Judge, Sp. Asst. Atty. Gen., for the State.

The machine described in the agreed statement is a slot machine. It is immaterial that the machine has a lock, or how it is made. It is immaterial whether the machine it attached to the realty. Acts 1919, p. 423, Schedule 73.

Smith, Wilkinson & Smith and Morris Loveman, all of Birmingham, for appellee.

Tax statutes must be strictly construed, and will not be extended to include things that are not expressly mentioned therein. The lock, being attached to the building, became a part of the realty, and was taxed as such.

BRICKEN, P. J.    Action by the state against appellee for taxes alleged to be due and unpaid. The reporter will set out the agreed statement of facts on which the case was tried in the court below where judgment was rendered by the court, sitting without a jury, for the appellee, from which ruling the state appeals.

[1] It is the general rule that statutes providing for taxation are to be construed strictly against the state and in favor of the taxpayers, and the burdens and liabilities which they impose are to be kept within the strict letter of the law, and not extended beyond its clear terms by any inference, implication,

or analogy. 37 Cyc. 786, and authorities there cited.

[2] Schedule 73 of the Revenue Act of 1919 (Acts 1919, p. 423, schedule 73), provides as follows:

"Schedule 73. *Nickle-in-Slot-Machines.*—For each machine, such as nickle-in-the-slot, or other device of like character, whether the same is charged for or not, ten dollars; for each penny-in-the-slot machines, five dollars. This shall apply to music boxes, phonographs, etc., having the nickle-in-the-slot device, but shall not apply to any device prohibited by law, or to any machine from which individual drinking cups, postage stamps, electricity or gas is received for the amount placed in said machine. Where several such slot machines are run or operated as a 'penny arcade,' or like place of amusement, the total license on all machines so run or operated in any one 'penny arcade' or like place of amusement shall be one hundred dollars per annum in towns or cities of more than twenty thousand inhabitants, for the state, and fifty dollars for the county, and in all other places, fifty dollars, per annum to the state and one-half of this amount to the county. This license shall be due and payable by the person, owner or proprietor of the establishment, store or place of business in or at which such slot machine is located, and the state shall have a lien for the payment of such license upon such machine, which lien may be enforced by attachment."

In addition to the agreed statement of facts, the court has before it, the lock itself, that was introduced in evidence in the court below, and on consideration of the same the court is of the opinion that the coin lock is not a slot machine or a device of like character within the meaning of the above quoted section of the revenue law. This lock appears to the court as being an appliance consisting of a spring and bolt, like any other door lock for fastening a door. The fact that it may be opened in any one of three ways does not change its character as a lock. The kind of key used, and its position, whether in a key hole or a slot, is immaterial. Schedule 73, ante, was never designed to apply to an appliance of this kind.

The agreed statement of facts shows that the reasonable value of the lock at the time of installation was $12.50, and that, like any other lock on a door in a building, is a fixture and a part of the realty. The rate of taxation on realty is fixed by law, and it is difficult for the court to see any legislative intent to segregate this fixture from any other fixture and tax it differently. It is likewise difficult for the court to come to the conclusion that the Legislature intended to place a tax of $15 per annum on an appliance that is not worth more than $12.50. We will not impute such an intention to the Legislature until it has spoken more clearly.

The judgment appealed from is affirmed. Affirmed.