## TOWN OF LEEDS v. CASON.   (6 Div. 103.)

Supreme Court of Alabama.   April 14, 1928.

Municipal corporations ⬡⟶597—Cost to city of installing sanitary toilet on private property, on owner's failure to do so, held recoverable by action of assumpsit (Code 1923, § 2051).

Code 1923, § 2051, providing that, on failure of property owner to install sanitary toilet, city may install it at owner's expense, cost thereof to be a lien on property in favor of city, to be collected as other debts are collected or liens enforced, constitutes an exercise of the police power in conservation of the public health rather than of the taxing power, as in case of local assessments, and clearly imports a personal liability on owner for expense thereof, which may be collected by city by action of assumpsit; provision for lien being merely cumulative security.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Assumpsit by the Town of Leeds against T. J. Cason.   Judgment for defendant, and plaintiff appeals.   Transferred from Court of Appeals under Code 1923, § 7326.   Reversed and rendered.

W. L. Acuff, of Leeds, for appellant.

A special remedy given by statute is cumulative and not exclusive of the ordinary jurisdiction of courts, unless the manifest intention of the statute be to make such special remedy exclusive, and such intention must be manifested by affirmative words to that effect.   Assumpsit is a proper remedy for the collection of the debt due plaintiff. Code 1923, § 2051; Jaffe v. Fidelity & Deposit Co., 7 Ala. App. 206, 60 So. 966; Parks v. State, 100 Ala. 647, 13 So. 756; Dunning v. Town of Thomasville, 16 Ala. App. 70, 75 So. 276; Greil Bros. v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738; City of Anniston v. So. Ry. Co., 112 Ala. 557, 20 So. 915.

Erle Pettus, of Birmingham, for appellee.

Where the method of collecting the assessment is provided, same is exclusive.   City of Huntsville v. Madison Co., 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45.   The judgment in such case is in rem.   Payne v. Spragins, 207 Ala. 264, 92 So. 466; City of Birmingham v. Wills, 178 Ala. 207, 59 So. 173, Ann. Cas. 1915B, 746; Code 1923, § 2051.

---

BOULDIN, J. The suit is in assumpsit, by a municipal corporation, to recover the cost of installing a sanitary toilet on private property, upon failure of the owner so to do, as provided by ordinance enacted pursuant to Code, § 2051.

The sole question presented is whether an action of assumpsit may be maintained; the city having failed to comply with the provisions of the statute necessary to the enforcement of a lien on the property.

The statute provides that in such case the city may install the closet "at the expense of the owner, the cost thereof to be a lien upon the property in favor of the city or town, to be collected as other debts are collected or liens enforced."

This clearly imports a personal liability on the owner for the expense. This is the debt to be collected as other debts—by an action of assumpsit. In fact, the primary duty to install the closet is placed on the owner, and, upon his failure, the city is empowered to do so at his expense.

The statute differs in terms and in purpose from local assessments for street and sidewalk improvements. Decisions holding such assessment a charge on the property only by proceedings in rem are not in point.

The statute in hand is more analogous to Code, § 2189, relating to assessment of street car companies for paving, which we have declared imposes a personal liability. Alabama Traction Co. v. Selma Trust & Savings Bank, 213 Ala. 269, 104 So. 517.

We should. say, however, the statute before us is an exercise of the police power in the conservation of the public health rather than the taxing power, as in case of local assessments for betterments to the property.

The provision for a lien upon the property is merely cumulative security. The enforcement of such lien, as well as of the personal obligation of the owner, is left to procedure under general law. Greil v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738.

It is suggested the ordinance does not contain a provision for collection of the debt by personal action. Like the statute, it does provide (section 15) that the cost shall be borne by the owner (or agent) of the property, and provides (section 16) that such cost be assessed against, and become a lien on, the property in accordance with law. The statute is in effect written into the ordinance, and determines the remedies for enforcement.

The judgment of the court below is reversed. Upon the agreed statement of facts, the plaintiff was due to recover, and a judgment is here rendered in favor of appellee for the agreed expense of installing the closet, $29.15, with interest thereon from May 1, 1922, $13.67, an aggregate of $42.82, together with the costs of appeal, and costs accrued in the circuit court and in the justice court.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.