(129 So. 291)

## TUCKER v. STATE.
### 7 Div. 662.

Court of Appeals of Alabama.
May 6, 1930.

Rehearing Denied May 27, 1930.

Riddle & Riddle, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of violating the provisions of act of the Legislature of Alabama approved February 10,

1927 (Gen. Acts of Ala. 1927, p. 34)—engaging in business as an insurance agent without a license, etc.

If appellant belonged to one of the "exempt" classes mentioned in the act referred to, this was defensive matter, to be set up by him by proper plea. Sanford v. State, ante, p. 58. 120 So. 577. The demurrers to the indictment were properly overruled.

The evidence in the record amply discloses that appellant was engaged in committing acts constituting him an "insurance agent" within the purview of the terms of the legislative enactment above referred to.

As we read the record, the real defense relied upon by appellant was that, in doing the acts and things shown by the evidence, he was performing as the agent of a "reciprocal exchange" in such sort that the provisions of the act of the Legislature above mentioned did not apply to him, by virtue of the "exemption" contained in section 6 thereof.

One answer to this contention is that, in our opinion, the "reciprocal exchange" mentioned in said section 6 of the above cited act, refers to, and means, a reciprocal exchange which has qualified to do business in Alabama under the terms of article 3 of chapter 306 of the Code of Ala. of 1923, Code 1923, §§ 8384 to 8393. The concern for which it is here shown appellant was acting agent was *not* so qualified, as appears from the evidence, hence appellant could claim no benefit from section 6 of the act of the Legislature of Alabama, above described.

Another answer is that from a careful reading of the "policies of insurance"—so styled within the bodies of same—which were introduced in evidence, and with which it was shown appellant was connected in the way of being the "agent" handling same, or soliciting same, for the concern issuing them, we are convinced that, while some effort was apparently made to draft them in a way to constitute them merely certificates of membership in a "reciprocal exchange," etc., still, intrinsically, and for all practical purposes, and within the purview and meaning of our statutes on the subject, they are no more nor less than straight, but somewhat dubious, "fire insurance policies."

In either event, we find no prejudicial error infecting the proceedings resulting in the conviction of appellant, and the judgment is affirmed.

Affirmed.