Charlie C. McCall, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

(129 So. 792)

**WILLIAMS, Judge, v. PUGH.**

**1 Div. 948.**

Court of Appeals of Alabama.

Aug. 19, 1930.

58

**SAMFORD, J.**

William Henry Pugh, appellee here, on October 29, 1929, filed, in the circuit court of Mobile county, an application for writ of mandamus to be directed to Price Williams, judge of probate of Mobile county, appellant here, requiring him to issue a license for the operation of a gasoline filling station, for profit, to said applicant. The writ nisi was duly ordered and issued.

On, defendant appearing to show cause why the peremptory writ should not issue, the case was submitted for final judgment on an agreed statement of facts. This agreed statement of facts was as follows:

"Comes the plaintiff and defendant in the above entitled cause and agree that the following state of facts are true in reference to the above captioned case, viz:

"That William Henry Pugh is over the age of twenty-one years and resides and is engaged in business at 2600 St. Stephens Road in Mobile County, Alabama; that Pugh's residence and place of business are located approximately four miles outside the corporate limits of the City of Mobile and are approximately one hundred and fifty·yards outside of the corporate limits of the incorporated Town of Prichard, in Mobile County, Alabama; that Pugh operates a gasoline filling station for profit at the aforesaid location and in operating said filling station, operates or uses only one pump or filler; that Pugh applied to the Hon. Price Williams, Judge of Probate of Mobile County, for the issuance of a license to operate said filling station and tendered to him in payment for said license and the fee for issuing same, the sum of $8.00, which sum the said Price Williams refused to accept or receive in payment of said license and fee, and refused to issue said license to Pugh; that Pugh also tendered said Price Williams the sum of.$30.50 in payment of said license and fee and the Judge of Probate also refused to accept this amount and to issue to Pugh the license so applied for, unless he would pay the sum of $60.50."

Upon consideration, the circuit court gave and entered a judgment or order in favor of applicant (appellee here) and against defendant, Price Williams, judge of probate of Mobile county (appellant here), ordering the peremptory writ of mandamus to issue on the payment by the applicant, William Henry Pugh, of the sum of $30.50. From this judgment of the circuit court, the defendant, Price Williams, judge of probate of Mobile county, took this appeal and here assigns as error of the trial court the said judgment or order granting and ordering the peremptory writ of mandamus to issue upon the payment by the applicant, William Henry Pugh, of the sum of $30.50.

By section 20 of Revenue Act 1927 (Acts 1927, p. 161) it is provided:

"Each person * * * operating for profit a gasoline filling station or pump in cities or towns, or within five miles thereof, shall pay the following privilege tax: * * * In cities of Forty Thousand inhabitants and less than One Hundred Thousand, where only one pump or filler is used, Forty Dollars ($40.00) * * *; in incorporated towns of One Thousand inhabitants and less than Five Thousand, where only one pump or filler is used, Twenty Dollars ($20.00) * * *; and in all other places Five Dollars ($5.00) for each pump or filler."

By section 362 of Revenue Act 1919 (Acts 1919, p. 440) it is provided:

"There is also hereby levied for the use of each county in the State a license or privilege tax upon each person * * * engaged in, or who shall carry on any of the occupations, business, professions, or callings, or shall exercise any privilege or do any act for which a license is charged by the State, of fifty per cent. of the State license or privilege tax, except as herein otherwise provided."

It is provided by section 363 of the 1919 Revenue Act (Acts 1919, pp. 440 and 441) that the applicant for the license shall pay to the judge of probate a fee of 50 cents for issuing the license.

By section 76 of Revenue Act.1927 (Acts 1927, p. 186) it is provided:

"In all cases where the amount of license is rated according to the population of the town, city or county, the population of such town, city or county, as fixed by the last preceding United States Census shall govern."

It is quite clear to us that the opinions in State v. Fain, etc. (Ala. App.) 124 So. 119,[1] and State v. Fain, etc., 220 Ala. 55, 124 So. 121, fix the status of all incorporated towns and cities in the state with reference to licenses to be paid under the Revenue Code providing a license tax on gasoline filling stations. This is so whether the town or city was incorporated before the taking of a federal census.

In this case therefore the license to be paid for a gasoline filling station for profit in the town of Prichard, admitted by the pleadings

---

[1] 23 Ala. App. 239.

in this case to be an incorporated town of more than 1,000 and less than 5,000 population, is fixed and decided by the Fain Case, supra.

In this case the filling station of petitioner is located in the unincorporated area between Mobile, a city of 40,000 and less than 100,000, and Prichard, a town of 1,000 and less than 5,000 population. The station is within five miles of both Mobile and Prichard. The question is: Does the station take the license designated for Mobile or Prichard? The trial court took the view that the license fee fixed for Prichard should govern, while the state insists that the license is governed by Mobile.

In a concurring opinion, the writer in the Fain Case, expressed the view that the entire section levying this license was bad on account of being vague and uncertain, but both this court and the Supreme Court felt and declared that the section was valid. By this conclusion we are now bound, and it now becomes necessary to declare the status of areas not there determined.

A rule of general application is that, where the language of a license statute is reasonably capable of two constructions, that most favorable to the taxpayer must be adopted. The rule was so applied in the Fain Case, supra, in which is cited Yarbrough Bros. v. Phillips, 209 Ala. 341, 96 So. 414. To which may be added State v. New Florence O. Co., 19 Ala. App. 194, 95 So. 913; State v. Roden Coal Co., 197 Ala. 407, 73 So. 5; Ashe Carson Co. v. State, 138 Ala. 108, 35 So. 38. Under the construction put upon the statute in the Fain Case, it certainly is capable of two constructions when applied to areas within five miles of incorporated towns and cities. Construing the statute most favorably to the taxpayer, the license takes the amount named for the town or city of the smallest population and outside these areas the license is the lowest schedule fixed by law.

The judgment of the trial court was in line with the foregoing, and judgment awarding the writ is affirmed.

Affirmed.

