146 So. 601

## TURNER v. STATE.

### 5 Div. 133.

Supreme Court of Alabama.

March 9, 1933.

Holley, Milner & Holley, of Wetumpka, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

GARDNER, Justice.

Defendant resists this civil action by the state to recover of him a chauffeur's license upon two grounds. The first concerns the work in which he is engaged, driving a public school bus in Elmore county. Defendant owns and operates the bus under a contract with the county board of education, and it is argued that as such board is an independent agency of the state (Turk v. County Board of Education, 222 Ala. 177, 131 So. 436), the defendant is performing a governmental function, and therefore not subject to pay a license therefor. Much reliance is had by counsel upon Johnson v. Maryland, 254 U. S. 51, 41 S. Ct. 16, 65 L. Ed. 126, where it was held that a state law requiring under penalty a license for those who operate motortrucks on highways cannot constitutionally apply to an employee of the Post Office Department while engaged in driving a government motor-truck over a post road in the performance of his official duty.

But the underlying principle of that case was the inability of the state by taxation to interfere with or interrupt the acts of the general government, the court stating there was an "entire absence of power on the part of the state to touch, in that way at least, the instrumentalities of the United States." The analogy therefore is here lacking, and we do not consider that authority as lending support to defendant's view.

And, indeed, as we read defendant's brief, it is not contended the state was without power to impose the license in the instant case, but it is insisted the imposition of such license was not the legislative intent. But we find nothing in the statute to indicate such exemption to this defendant. In section 9 of the act imposing this license (General Acts, 1923, pp. 284, 285), there is contained a definition of "chauffeur" as follows: "An operator who directly or indirectly receives compensation for operating a motor vehicle on the public highways. This definition shall not be deemed to include manufacturer's agents, proprietors of garages, and dealers, salesmen, mechanics or demonstrators of motor vehicles when driving vehicles in any such capacity."

Defendant, under the facts as here agreed upon, comes within the general definition above noted, but is clearly without the saving clause. The maxim—the expression of one thing is the exclusion of another—would seem to have application.

A very similar question was so considered in State v. Preston, 103 Or. 631, 206 P. 304, 23 A. L. R. 414, and we think correctly so. But, the maxim aside, we do not find any sound reasoning upon which such exemption could be based.

Defendant was not an officer of the state or any department thereof. He is a contractor only, and public office is not so created. Harrington v. State, 200 Ala. 480, 76 So. 422. As a private individual, he uses his own vehicle and operates the same on the public highway for compensation. The compensation is by contract with the county board, but this is a mere incident to the work, so far as the question of license here involved is concerned. The defendant is in no man-

ner an officer or "an arm of the State," but a private individual using his own vehicle on the public highway for profit, and comes directly within the influence of the statute above noted.

This inquiry has on several occasions been presented to the Attorney General's office, and numerous opinions there rendered to this same effect. Opinions Attorney General, 1928–30, p. 705, 1920–22, p. 33, 1924–26, p. 34, 1926–28, p. 115.

■ The second question argued relates to the remedy. The license tax is specific and ascertained, and there is nothing in the statute imposing the same indicating any exclusive remedy. It is the generally accepted rule that under these circumstances collection may be by civil action as for a debt. 37 Corpus Juris, 252; State v. Fleming, 112 Ala. 179, 20 So. 846; Greil Bros. v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738; Southern Car & F. Co. v. Calhoun County, 141 Ala. 250, 37 So. 425; Carruth v. State, 24 Ala. App. 158, 132 So. 65.

■ Defendant, recognizing the force of these authorities, argues that the license requirement is solely a police regulation and in no manner a tax or for revenue, and that as a police measure recovery could not be had in a civil action. As to the materiality or soundness of this distinction, upon the question of remedy, we need not stop to inquire. This for the reason that we think this is a case where the Legislature has exercised the police power over a certain avocation or business, and at the same time exercised its power to tax that avocation for revenue, an authority which it clearly has, as expressly stated in State v. Fleming, supra.

We entertain the view this is a revenue measure with police regulations incidental thereto. The act in which the license is fixed and the definition of chauffeur is found in its title expressly states that it is to "further provide for the revenue of the State," and in section 25 of the act fixing the license it is provided that the amount thereof shall be remitted to the state treasurer, as other license money is remitted, and shall be renewed annually upon the payment of the license fee of $5. Those who are delinquent in the payment are subject to citation by the license inspector to the same extent as any other license delinquent. Section 25-b, Gen. Acts 1923, p. 294.

The statute contains some regulations as to the applicant, he must be eighteen years of age and have the recommendation of three reputable motor vehicle owners of the county, and to this extent its object was the promotion of the public safety; but the title and body of the act clearly demonstrate that it is a revenue measure likewise.

The case of State v. Preston, supra, considered a very similar statute, and a like conclusion was reached.

We think this the sound view. So considered, it is not seriously questioned that the remedy by this civil action is appropriate. The trial court's finding was in accord with this view, and is supported by State v. Fleming, supra.

Let the judgment, therefore, be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.