155 So. 92

## STATE v. DR. PEPPER BOTTLING CO.

### 2 Div. 525.

Court of Appeals of Alabama.
March 27, 1934.

Rehearing Denied April 17, 1934.

Thos. E. Knight, Jr., Atty. Gen., Frontis H. Moore, Asst. Atty. Gen., and H. F. Reese, of Selma, for the State.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

BRICKEN, Presiding Judge.

A decision of this case calls for the legal construction of Schedule 185 of the Revenue Laws of Alabama 1929, p. 315, which is as follows: "Wholesale soft drinks:—Each person other than bottlers operating plants in this State who are otherwise licensed, engaged in the business of selling at wholesale nonalcoholic, carbonated or other soft drinks, shall pay an annual license of fifty dollars."

In order to properly interpret the meaning and application of the foregoing statute, it will be necessary, of course, to consider the nature of the business in which the appellee is engaged, and as to this there appears no controversy, as the cause below was tried upon an agreed statement of facts.

The agreed statement shows that appellee is a bottler and manufacturer of soft drinks, and that it was duly licensed as such during the years 1930, 1931, and 1932 by both the state of Alabama and the domiciliary county of appellee, viz. Montgomery county, where its principal place of business was and is located. The statement also shows that appellee paid the required licenses due by it under compilation of the Revenue Laws of Alabama. 1929, section 334, Schedules 25 and 30, and al-

so paid a city license in Montgomery and Selma, Ala. Appellee's trucks were also duly licensed under the laws of Alabama.

The ground upon which liability for a license as a wholesale dealer in soft drinks in Dallas county is sought to be predicated is that appellee maintained a warehouse in the city of Selma, which served solely as an operating base for the distribution of products manufactured entirely by appellee's own duly licensed bottling plant in Montgomery. The statement further admits that no business was transacted at the warehouse in Dallas county, and that no person or persons were employed for the purpose of making sales at said warehouse, and that no sales were in fact made there, and that said warehouse, as stated above, was used only as a depository for the manufactured products in order to facilitate in their distribution.

It is the contention of appellee that the Legislature, in framing Schedule 185 of the Revenue Laws of 1929, recognized the dual phase of the bottling industry and the difficulties attendant upon the distribution of its products; that it realized the necessity of the maintenance of depositaries for said distribution, and realized that they were integral parts of the central plant; further, that it specifically exempted said depositaries in view of these premises from the payment of a state and county license as wholesale dealers in soft drinks by virtue of the provisions contained in Schedule 185, that said schedule should apply to dispose of the manufactured product. We are impressed with the soundness of this contention, for obviously these depositaries are not separate wholesale businesses, but simply integral parts of the principal business of bottling, serving merely to expedite the ancillary phase of marketing and distribution.

We see no necessity of extending this opinion to undue length, for it is clear to us, under the agreed facts, this appellee was not due to pay the licenses sued for. The terms of the statute itself, wherein it is provided, "other than bottlers operating plants in this State who are otherwise licensed," are a complete answer to this action and are conclusive of the correctness of the judgment rendered in the court below.

Ordinarily in construing statutes of this character, resort to the well-established rule that a strict construction is always employed against the state or taxing power and in favor of the taxpayer, and that license statutes must be confined to the strict letter of their language and their application cannot be enlarged by implication or inference, and, further, that every doubt must be resolved in favor of the taxpayer, and, where the language is susceptible of two constructions, that most favorable to the taxpayer must be adopted. It must show a plain intent to include the particular licenses within its term. State v. H. G. Fain Service Station, 23 Ala. App. 239, 124 So. 119; Yarbrough Bros. Hardware Co. v. Phillips, 209 Ala. 341, 96 So. 414; State v. New Florence Operating Company, 19 Ala. App. 194, 95 So. 913; State v. Roden Coal Co., 197 Ala. 407, 73 So. 5; Williams v. Pugh, 24 Ala. App. 57, 129 So. 792; Carruth v. State, 24 Ala. App. 158, 132 So. 65.

Here, it is plain that the tax sued for was not due by appellee under the express terms of the statute itself; hence no technical construction of said statute is necessary.

Affirmed.