COMMONWEALTH *vs.* ERASTUS CROWELL.

Barnstable.    February 1, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Itinerant Vendor — Construction of Statute — Police Power.*

The St. of 1890, c. 448, whose object is to protect the public against imposition by persons termed itinerant vendors, who, though doing business transiently or temporarily either in one locality or in travelling from place to place, are not hawkers or pedlers because hiring, leasing, or occupying a building for their business, comes within the police power of the Legislature.

A person is an itinerant vendor within the meaning of the St. of 1890, c. 448, whether his whole business is selling temporarily or transiently, or whether he sells more or less frequently in connection with a permanent business at a fixed place or places.

INDICTMENT under the St. of 1890, c. 448, alleging that the defendant was an itinerant vendor, engaged temporarily and transiently in selling and exposing for sale clothing in a building in Dennis without license or authority.

Trial in the Superior Court, before *Dewey*, J., who refused to rule that, upon the facts, the defendant could not be convicted on the indictment. The jury returned a verdict of guilty, and the judge, at the request of the defendant, reported the case

and the questions of law arising thereon for the determination of this court.

The report recited that the defendant was in the employ of one Miller, who was engaged in the manufacture and sale of clothing; that large quantities of the same, which had been returned by Miller's customers to his various branch stores throughout the State, were disposed of as ready-made clothing whenever an opening appeared; that the defendant went to Dennis on behalf of Miller about October 6, 1890, and proposed to take orders from customers, and to dispose of a stock of ready-made clothing of the above description; and that he hired a store, and furnished it with such stock, and, with the intention of remaining until it should be disposed of, opened the store and made sales both of custom and ready-made clothing, without a license under the laws of the Commonwealth.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

*W. N. Buffum*, for the defendant.

MORTON, J. The object of the statute would seem to be to protect the public from the imposition liable to be practised upon it by itinerant vendors who are not hawkers or pedlers because hiring, leasing, or occupying a building for their business, but who sell temporarily or transiently in one place, or in travelling from place to place, goods, wares, or merchandise, and who might naturally be supposed to be free, to some extent at least, from the restraints and influences inducing fair and honest dealing which apply to persons established permanently in trade in a given locality. The statute applies to residents and non-residents, and is not, as we construe it, designed or calculated to prevent fair and free competition, but only to protect the public against fraud, and to place the traffic under what the Legislature, having regard to the character of the business, deems wholesome restraints. It comes within what is termed the police power, and stands on the same ground as the acts relating to hawkers and pedlers, auctioneers, pawnbrokers, and others, of which there are numerous examples. *Commonwealth* v. *Blackington*, 24 Pick. 352. *Commonwealth* v. *Ober*, 12 Cush. 493. *Fisher* v. *McGirr*, 1 Gray, 1, 27. *Blair* v. *Forehand*, 100 Mass. 136. Cooley, Const. Lim. 596.

A party may be engaged in selling temporarily or transiently in one city or town, while having a permanent place of business in another. So far as he is engaged in selling temporarily or transiently, he comes within the prohibition of the statute, without any regard to the fact that he is also carrying on an established and permanent business elsewhere. Whether his whole business is selling temporarily or transiently, or whether he does it more or less frequently in connection with a permanent business at a fixed place or places, does not matter. He comes in either case within the statute.

The defendant does not, in the present instance, come within either of the exceptions named in the act, and although he was doing business as the agent of one Miller, that fact does not help him, as the statute expressly provides that a party doing business as agent for another shall be liable. A majority of the court think the entry must be, *Judgment on the verdict.*