## HARDING & MILLER MUSIC COMPANY *v.* CUSHMAN, TREASURER.

### [No. 22,605.   Filed May 11, 1915.]

1. CONSTITUTIONAL LAW.—*Licenses.—Transient Merchants.*—Section 8243 Burns 1914, Acts 1901 p. 466, imposing a county license fee on temporary and transient merchants is not violative of the 14th amendment of the Federal Constitution.   p. 220.

2. LICENSES.—*"Transient Merchant".—Temporary Sale.*—A corporation which had a permanent branch store within the county is not liable for the payment of a license fee under §8243 Burns 1914, Acts 1901 p. 466, imposing a fee on temporary and transient merchants, by reason of conducting a temporary sale at another town in the county, since it was not a transient merchant. pp. 220, 221.

3. LICENSES.—*Power to License.—Transient Merchants.*—Section 8243 Burns 1914, Acts 1901 p. 466, imposing a county license fee on temporary and transient merchants, is not under the taxing power of the State, but is an exercise of its police power and was intended solely to protect the public against fraud.   p. 220.

4. LICENSES.—*Transient Merchants.—Acts of Corporate Agent.*—The fact that a temporary sale conducted at a different town within the county where defendant corporation had a permanent branch store was not conducted by the manager of that store would not render defendant liable for the payment of a fee under §8243 Burns 1914, Acts 1901 p. 466, imposing license fees on temporary and transient merchants, since a corporation acts only by its agents and the acts of the agent who conducted such sale were equally the acts of defendant.   p. 221.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by the Harding & Miller Music Company against Milton Cushman, Treasurer of Gibson County. From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Phelps F. Darby* and *Edmund L. Craig,* for appellant.
*John T. Ballard* and *Sanford Trippett,* for appellee.

MORRIS, J.—Suit by appellant, a mercantile corporation organized under Indiana laws, against appellee, county

treasurer, to enjoin a levy on pianos and other merchandise, for the collection of license fees under the transient merchant act of 1901. Acts 1901 p. 466, §8243 Burns 1914. The action was instituted in Gibson County, but the venue was changed to the Posey Circuit Court. Jurisdiction of the appeal is in this court because a constitutional question is presented.

To appellant's complaint appellee filed answer of general denial. There was a trial, finding and judgment for appellee. There is no substantial conflict in the evidence. In 1892 appellant was incorporated under Indiana laws and since then has conducted a store in Evansville for the sale of pianos and musical instruments. Since then it has operated branch stores at Vincennes, Mt. Vernon, and various other cities in southwestern Indiana. About fifteen years ago it opened a branch store at Princeton, and placed it in charge of its agent Guthrie who has since conducted for appellant at that place a like business. Its stock of merchandise was assessed annually at Princeton for taxation. Haubstadt is an incorporated town in the southern part of Gibson County. Appellant had one Howard in its employ as advertising agent and salesman. It was appellant's policy, in order to stimulate its business, to conduct temporary sales in the vicinity of its branch stores. Howard was in charge of this feature of appellant's business. In March, 1913, appellant advertised a ten-day special sale of pianos at Haubstadt. It was stated in the notices that appellant would offer a carload of pianos at greatly reduced prices; that the public was invited to attend the special sale and examine the stock, whether ready to purchase or not; that appellant had been represented in the vicinity for a number of years, and its patronage had been large and greatly appreciated, and that it proposed to give the people there the benefit of purchasing pianos at very low prices. Musical entertainments were advertised for every night of the sale. The advertisement was signed ''Harding and Miller

Music Co. A. J. Howard, Manager. Charles Kirkpatrick, local representative." Guthrie, the Princeton agent, took no part in the conduct of this sale. Near the same time, another temporary sale of pianos was conducted by appellant in Princeton in a room other than its permanent place of business. This sale was under the supervision of Guthrie. Appellant's officers testified that its purpose in conducting these special sales was not only to make direct sales of pianos but also that "prospects", not then ready to purchase, might examine its wares, and, as a result thereof, make future purchases at its permanent stores. Appellee as treasurer of Gibson County demanded of appellant the payment of a county license fee of $10 per day for the time of this sale.

Did the trial court err in holding appellant liable for the license fee as a transient merchant? We are satisfied that appellant's contention that the act in question vio-

1. lates the 14th amendment of the Federal Constitution is without merit, but are of the opinion that, under the facts disclosed here, the further contention of

2. appellant that it was not a transient merchant, within the meaning of the act, must prevail. We are informed by the briefs in the case that the learned trial judge, in his decision, relied especially on the case of *Commonwealth* v. *Crowell* (1892), 156 Mass. 215, 30 N. E. 1015, which involved a prosecution under an itinerant vendors act, portions of which are set out in the opinion. While our act is quite similar to the Massachusetts law, it will be noted that in it (§8240 Burns 1914, Acts 1901 p. 466), the words "transient merchant" include persons conducting any temporary *and* transient business while the Massachusetts act declares that "itinerant vendors" includes persons engaged in a temporary *or* transient business. The sale here was concededly temporary, but we are constrained to

3. hold that appellant was not conducting a transient business. Our statute was considered at length in

*Levy* v. *State* (1903), 161 Ind. 251, 68 N. E. 172. It 2. was there held that the act was passed, not under the taxing power of the State, but under its police powers, and stands on the same ground as acts relating to hawkers, peddlers, etc. In discussing the evil for which a remedy was sought by the legislature in the enactment, this court on page 259 said: "the transient merchant has no fixed place of business, but migrates from town to town, remaining only long enough to dispose of his stock of goods. He is usually a stranger in the community where he offers his goods and makes his sales, and is often wholly irresponsible. Tempting advertisements and extravagant representations in regard to the character of his stock and the prices at which it will be sold are calculated to create excitement and to deceive the unwary, who are generally without redress for the impositions practiced upon them." The object of such legislation seems to be solely to protect the public against fraud. *Commonwealth* v. *Crowell, supra.*

The facts here show that appellant had a permanent place of business in Gibson County. In case a purchaser at the Haubstadt sale was defrauded, he had the same legal remedy against appellant as against any permanent merchant of the county, in regard to service of process and levying of execution. Keeping in mind the object of the legislation, it must be held that the statute does not apply to such a state of facts as is here presented. The statute also authorizes cities and towns to license transient merchants and the town of Haubstadt might require a license fee for the conducting of a temporary sale in the town by a permanent merchant of Princeton, but here we are dealing only with the question of a county license, and we are of the opinion that a merchant with a permanent place of business in one locality in a county is not subject to a county license fee by conducting a temporary sale of like merchandise in some other 4. locality within the county boundaries. While there was no direct connection between the sale here and

the Princeton branch, and while the agent there took no part in the temporary sale at Haubstadt, we do not consider such facts as important. A corporation acts only by its agents, and appellant was lawfully authorized to establish as many permanent branches of its business as it desired. The acts of Howard were its acts, and those of Guthrie, while engaged in the line of his employment, were neither more nor less than the acts of the corporation. Judgment reversed with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 108 N. E. 865. As to power to charge and exact license taxes, see 52 Am. Dec. 331. See, also, under (1) 8 Cyc. 1115; 25 Cyc. 614; (2) 38 Cyc. 943; 25 Cyc. 627; (3) 25 Cyc. 603; (4) 38 Cyc. 943.