TOWN OF VALLEY SPRINGS, Respondent, v. FLATT, Appellant.

(183 N. W. 131.)

(File No. 4807.   Opinion filed June 2, 1921.)

1. **Transient Merchants—Meat Market at B, Sales of Meats at V. S. in County From Truck Without Local License—"Permanent Merchants" Being Taxpayers in County of Business, Under Statute, County, Not Town, as Unit Re Merchants**

Under Sec. 10424, Code 1919, providing in part that a transient merchant, trader or dealer shall, in addition to the license therein required to be paid, also pay a specified license fee to the authorities of the city or town where he shall sell or offer to sell any goods, etc., and Sec. 10420, embracing as peddlers required to obtain license as such, all transient merchants, traders or dealers, and such persons as bring into any city or town certain goods, etc., for the purpose of selling the same as therein provided, and defining permanent merchants, traders and dealers as those who pay taxes on their goods, etc., in the county where the business is carried on; held, that the legislative intent of Sec. 10420 is to make the county the unit in determining whether a merchant, trader or dealer is a transient merchant, etc.  Therefore held, further, that where defendant operated a meat market in the town of B, Minnehaha County, and paid taxes on all his property in said county, but paid none in the town of V. S., but at certain times each week he took meat from his shop in B. and hauled it to a building he had rented in V. S. and there sold meat from the truck conveying it thence, without having paid local license required by ordinance, he was improperly convicted for having, as a transient merchant, sold meat in V. S. without having obtained a license therefor.

2. **Same—Statute Authorizing Towns to Tax and License Transient Merchants, Inoperative Re Permanent Merchants Paying Taxes in County.**

Sec. 6169, Subd. 64, Code 1919, authorizing all cities and towns to tax, license and regulate transient merchants within the limit announced in Sec. 10424, is inoperative as against a "permanent merchant" as defined in the latter section, whose business is located and transacted and who pays taxes within

the county.   Therefore, a local ordinance making it unlawful for any person within the town limits to engage in the business of "transient merchants," and requiring him to pay a specified license fee for bringing into town and engaging a temporary place from which to sell same, etc., or for selling any goods, etc., from a wagon or other vehicle, temporary house, etc., and providing that he shall be deemed a transient merchant, infringes on the definition of permanent merchants as defined in Sec. 10420, and is inoperative.

Appeal from Circuit Court, Minnehaha County.   Hon John T. Medin, Judge.

In an action and prosecution by the town of Valley Springs, a municipal corporation, the defendant, for selling goods as a victed in justice court under an ordinance, for selling goods as a transient merchant without paying a license fee therefor; and upon appeal by him to the circuit court, was there convicted and he appeals.   Reversed, and remanded with directions to dismiss action.

*Blaine Simons,* for Appellant.

*Waggoner & Stordahl,* for Respondent.

(1)   Under point one of the opinion, Appellant cited:   Laws 1903, Ch. 190, Sec. 1; Secs. 10420, 19427, Code 1919.

Respondent cited:   Sec. 10420, Code 1919; City of Dell Rapids v. McShane, (S. D.) 156 N. W. 789; Sec. 6169, Sub. sec. 64, Code 1919; State v. Fleming, (N. D.) 140 N. W. 674; Sec. 1024, Code 1919.

(2)   Under point two, Appellant submitted that:   Valley Springs ordinance was passed for sole purpose of stifling local competition; and cited:   Ottumwa v. Zekind, 95 Ia. 662; Chaddock v. Day, 75 Mich. 527.

SMITH, J.   Appellant was convicted in a justice's court of Valley Springs, Minnehaha county, of a violation of an ordinance described as Ordinance No. 53, which reads:

"Sec. 1.   It shall be unlawful for any person or persons, firm or corporation within the limits of the incorporated town of Valley Springs, South Dakota, to engage in, pursue or transact any business or calling hereinafter named or described, without first having obtained a license therefor and complying with the regulations as hereinafter provided. * * *

"Sec. 4.   Transient merchants shall pay a license fee of five dollars ($5.00) per day, twenty-five dollars ($25.00) per week

or fifty dollars ($50.00) per month. Any person or persons, firm or corporation who shall bring any stock. of goods, wares or merchandise into the town of Valley Springs and shall engage a temporary place, store or room from which to sell the same, or who shall engage in the sale of any stock of goods, wares or merchandise which is not intended to be replenished by purchase of new goods to its normal value, or shall sell any goods, wares or merchandise from a wagon, wagons or other vehicles, or other temporary houses, buildings or places, shall be deemed a transient merchant," etc.

The ordinance also provides that, upon conviction, a fine not exceeding $100 shall be imposed.

The accused was convicted and fined in justice's court, and upon appeal and trial in the circuit court, was again convicted, and fined in the sum of $50. The cause was submitted to the trial court upon stipulated facts which, so far as material to this appeal, are as follows:

Appellant maintained and operated a meat market in the town of Brandon, and carried on his business in Minnehaha county, S. D. He owned the fixtures and stock in trade used by him in said business at Brandon, and paid taxes on all of his said property in Minnehaha county, but pays no taxes in the town of Valley Springs. Certain times each week he took meat from his shop in the town of Brandon and hauled it, by truck or otherwise, to a building which he had rented in the town of Valley Springs, and there sold said meat from said truck to his customers without having paid the license fee or taken out the license required by the ordinance above quoted. It is appellant's contention that he is exempt from the provisions of said ordinance No. 53, for the reason that he is not a transient merchant or peddler under the laws of South Dakota.

[1] The sole question is whether or not the defendant is a transient merchant. If he is, he is subject to a license tax ordained by the town of Valley Springs, in addition to a county license tax. Revised Code 1919, § 10424. If he is not a transient merchant, he is not subject to the payment of the license tax imposed by the Valley Springs ordinance. In the absence of statutory definition, the defendant might naturally be thought to be a transient merchant, trader, or dealer, in so far as the trans-

action of business by him at Valley Springs is concerned.  But section 10420, Revised Code 1919, defines "transient merchants, traders, or dealers" by process of exclusion.  Permanent merchants, traders, or dealers are differentiated and excluded from those defined as transient, in the following language:

"Permanent merchants, traders or dealers being defined to be those who pay taxes upon their goods, wares and merchandise, or other articles of trade in the county where the business is carried on, the same as other resident dealers."

It seems, therefore, to be the legislative intent to make the county the unit in determining whether a merchant, trader, or dealer is or is not a transient merchant, trader, or dealer.  By the stipulated facts, defendant is not a transient merchant, but is a permanent merchant.

[2]  Section 6169, subd. 64, Revised Code of 1919, authorizes all cities and towns to tax, license, and regulate transient merchants within the limit announced in section 10424.  But the statutes nowhere authorize cities or towns to tax, license, or regulate permanent merchants, traders or dealers whose business is located and transacted, and who pay taxes, within the county. It is clear, therefore, that, in so far as the definition of "transient merchants" in the Valley Springs ordinance infringes upon the definition of permanent merchants, traders, or dealers in section 10420, the ordinance is inoperative.

Respondent relies upon the decision in City of Dell Rapids v. McShane, 37 S. D. 86, 156 N. W. 789, as an authority in support of its position.  In that case the defendant was concededly a transient merchant within the language of both the statute and the ordinance.  That case, therefore, is not applicable to the one now before us.

It follows that the judgment of the trial court must be reversed, and the cause remanded, with direction to the trial court to dismiss the action.  It will be so ordered.