## Commonwealth v. Brait

*Bernard L. Barkan,* for Commonwealth.
*A. D. Gordon,* for defendant.

FLOOD, J., February 23, 1939.—Appeal from summary conviction. Defendant was summarily convicted under the Philadelphia ordinance of May 26, 1927, Ordinances & City Solicitor's Opinions, 1927, p. 234, requiring that a license be taken out by every person thereafter "entering into . . . a transient retail business within the City of Philadelphia".

Defendant in this case leased premises 932-934 Market Street on November 18, 1938. He went into possession on December 1, 1938, and vacated the premises on December 31st. His lease was an annual lease but with the rental payable monthly and with the right in him to terminate the lease at any time by giving the lessor 30 days' notice in writing. If we assume that the tenant did what he was required to do under the lease, he gave no-

tice to vacate the day he entered the property. Whether or not this be so the occupancy is clearly, in the opinion of the court, a transient one. See generally Kinderman v. City of Phila. et al., 19 D. & C. 71 (Phila. Co., 1933), and the cases collected in 94 A. L. R. 1076 (1935).

Defendant's chief argument is that since he has a permanent retail business in Philadelphia where he does business of the same sort as that conducted by him at 932-934 Market Street during the month of December, his business there was not transient.

It is to be noted that this statute does not require a license merely for a transient or itinerant *merchant* as in the case of certain other ordinances and statutes considered in some of the reported cases, but for anyone who carries on a transient *business*. Since defendant's business was transient in the Market Street store considered alone, the sole question seems to be whether that business is to be considered alone or whether it must be considered as part of his permanent business.

The language of the ordinance seems to me to contemplate that the business carried on in any one location should be considered alone, and if that is transient, the license must be taken out. The ordinance requires the license to be taken out by anyone who enters into a transient retail business within the city "and who hires, leases, occupies or uses any room [etc.] for the exhibition and sale of . . . goods, wares or merchandise . . .". The cases which have passed upon this matter, and there have been many involving very similar statutes, have held almost universally that such a business is subject to the provisions of the ordinance even though the owner of the business operates the same sort of business permanently at another location. See the cases collected in 94 A. L. R. 1076, 1090-1092 (1935). Most of the cases which are in seeming conflict with this rule involve statutes or ordinances requiring the license from transient merchants or itinerant merchants, rather than for a transient business (See, e.g. Harding & Miller Music

Co. v. Cushman, Treasurer, 183 Ind. 218, 108 N. E. 865 (1915), and State v. Powell, 69 N. H. 353, 41 Atl. 171 (1898) ), or specifically exempting persons having permanent businesses. See, e.g., Carruth et al. v. State, 24 Ala. App. 158, 132 So. 65 (1931), and Rex v. Dominion General Jobbers, Ltd., 35 Manitoba Rep. 57 (Court of Appeal), 3 D. L. R. 570 (1925). Indeed many of the cases held persons bound by the requirements of the ordinance or statute in this factual situation even where the statute refers not to transient business but only to transient merchants. See State v. Foster, 22 R. I. 163, 46 Atl. 833 (1900), and the other cases collected in 94 A. L. R. 1076, 1090-1092.

It is true that some of the cases involved situations where the permanent business was carried on in places outside of the municipality requiring the license. However, we see no distinction. The only way that defendant could avoid the license requirement is by having us hold that the business conducted by him during this temporary period was part of his permanent business. This is neither more nor less true if the permanent business is carried on in Philadelphia than if it is carried on elsewhere.

If we had a situation where a store adjoining the permanent location was taken for temporary purposes, a different question might be raised, but that is not so here where the permanent and the temporary places of business have no physical connection or even propinquity.

The advantages gained by other transient tenants is gained by defendant in this case who occupied the premises in question only during the Christmas season. As Judge Alessandroni pointed out in Kinderman v. City of Phila. et al., supra, defendant as a transient occupier enjoys very special advantages over the permanent occupiers of neighboring premises. He is, therefore, in no position to complain of this tax, and the basis for it is a permissible one. The fact that he has a permanent location elsewhere in the city does not detract from the special advantage to him in the transient occupancy. He is prop-

erly taxable for that advantage, as would be a merchant from another part of the city who for the month of December moved next door to defendant's permanent place of business in competition with him on the same advantageous basis.

The appeal is hereby dismissed and the conviction sustained.