Commonwealth *v.* Rabinovitz, Appellant.

Argued October 2, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES and HIRT, JJ.

*Oscar Rosenbaum,* for appellant.

*Bernard L. Barkan,* with him *Harry Shapiro,* and
*Joseph Sharfsin,* City Solicitor, for appellee.

230

OPINION BY STADTFELD, J., December 14, 1939:

This is an appeal from an order of the Court of Quarter Sessions of Philadelphia County dismissing an appeal from a summary conviction under a city ordinance.

The City of Philadelphia, authorized by the Act of May 24, 1923, P. L. 442, as amended by the Act of May 13, 1925, P. L. 642 (72 PS §6185 et seq.), passed a certain ordinance (No. 234 of May 26, 1927) which, including the title, reads as follows: "To provide for the licensing of transient retail business for the sale of goods, wares and merchandise within the City of Philadelphia, and providing license fees for the same and penalties for the violation thereof.

"Section 1. The Council of the City of Philadelphia, ordains, That hereafter every person, whether principal or agent, entering into or desiring to begin a transient retail business within the City of Philadelphia, for the sale of goods, wares or merchandise and who hires, leases, occupies or uses any room, apartment, store, shop, building, railway car or other place or structure for the exhibition and sale of such goods, wares or merchandise, shall, before starting said sale, take out a license for the sale of the same from the City Treasurer.

"Section 2. The amount to be paid for such license shall be the sum of Two Hundred (200) Dollars per month or fractional part thereof and shall be paid to the City Treasurer. Said license shall be renewed monthly during the continuance of said sale and upon the failure of said person or persons so to procure such license, he, she or they shall be fined in the sum of Two Hundred (200) Dollars, to be collected as other fines are by law collectible, and in the default of payment of said fines shall be imprisoned in the County Jail for a period not exceeding thirty days."

Section 3 of the ordinance exempts farmers and the

sale of goods for charitable purposes; Section 4 provides for the repeal of conflicting ordinances.

The original enabling Acts, under which the city ordinance had been passed, were repealed by the Act of June 12, 1931, P. L. 535 (72 PS §6190), which, however, re-enacted provisions of the earlier Acts.

The facts of the case, as agreed upon, are substantially as follows: Dorothy Rabinovitz, registered and trading as the Robin Card, Book & Gift Co., had been conducting business at 4843 N. 11th Street, Philadelphia, since October 30, 1936, under a three-year lease for said premises, and annually paid a State Mercantile License fee. Her brother, David Rabinovitz, defendant, acted as her agent in the conduct of said business. On November 28, 1938, David Rabinovitz, on behalf of Robin Card, Book & Gift Co., entered into a lease for the term of 26 days from December 1, 1938, for the property at 1316 Chestnut Street, Philadelphia, for the rental of $700. At both places, the business was conducted under the same registered name, and by the same person, defendant, as agent for his sister; the articles sold at each place were apparently of the same character. It was the purpose of defendant in leasing the Chestnut Street property, to dispose of a surplus supply of cards and gifts.

Defendant, David Rabinovitz, failed to apply for a license as provided for by the said city ordinance. He was arrested and summarily convicted. The conviction was sustained by the court of quarter sessions. This appeal followed.

The primary question here raised is whether appellant, David Rabinovitz, is a "person ...... entering into ...... a transient retail business within the City of Philadelphia", and hence subject to the provisions of the city ordinance requiring the taking out of a license.

The court below in its opinion stated, "It is to be noted that this statute does not require a license merely for a transient or itinerant *merchant* as in the case of certain

other ordinances and statutes considered in some reported cases, but for one who carries on a transient *business*. Since the plaintiff's (defendant's) business was transient in the Chestnut Street store considered alone, the sole question seems to be whether that business is to be considered alone or whether it must be considered as part of his permanent business. (Court's italics).

"The language of the ordinance seems to me to contemplate that the business carried on in any one location should be considered alone, and if that is transient, the license must be taken out ......"

The distinction made by the court below between transient merchant and transient business is not entirely pertinent. The real subject of the license tax is the privilege of entering into a transient retail business within the City of Philadelphia. In the final instance, the merchant must, if properly subject thereto, pay for the privilege granted by license. The issue, therefore, is reduced to the inquiry as to whether the appellant entered into, and carried on a transient retail business of selling cards, books and gifts under the name of Robin Card, Book & Gift Co., within the City of Philadelphia.

A careful research of the law has failed to produce any appellate authorities within our own State governing the instant case. However, a number of decisions from other jurisdictions are collected in 94 A. L. R. 1076, 1090-1092 (1935).

One group of cases rules upon the question as to whether a vendor or merchant who already has a permanent or established place of business in the state but makes transient sales elsewhere in the state, is a transient merchant within the meaning of the license regulation, the state itself being the licensing body politic. There is a decided conflict of opinion and decision on this question. In *State v. Powell*, 69 N. H. 353, 41 A. 171, defendant was a member of a partnership doing business in Concord and paying a state mercantile tax; acting for the firm, defendant carried a portion of the partner-

ship's goods to Warner and having no itinerant vendor's license, sold some of them during the two days of the Grange fair. Holding that the words "itinerant vendor" as defined in the license statute included only those persons who "engage in a temporary or transient business in this state", the court stated, "They do not include those whose business in the state is permanent, even when such persons carry on a part of their business temporarily in a place apart from their usual location." Defendant was discharged.

However, in *Com. v. Crowell,* 156 Mass. 215, 30 N. E. 1015, defendant was in the employ of another who was engaged in the manufacture and sale of clothing from various branch stores within the state; defendant went to another town, Dennis by name, and hired a store, with a view to taking orders from customers and disposing of a stock of ready made clothing; he had no itinerant vendor's license as provided for by statute. The Supreme Judicial Court of Massachusetts, entering judgment on a verdict of guilty, said, at p. 217, "A party may be engaged in selling temporarily or transiently in *one city or town, while having a permanent place of business in another.* So far as he is engaged in selling temporarily or transiently, he comes within the prohibition of the statute, without any regard to the fact that he is also carrying on an established and permanent business *elsewhere.* Whether his whole business is selling temporarily or transiently, or whether he does it more or less frequently, in connection with a permanent business at a fixed place or places, does not matter. He comes in either case within the statute." (Italics supplied) In accord with this case on similar facts is *State v. Foster,* 22 R. I. 163, 46 A. 833.

Likewise, in accord on the facts is *Levy v. State,* 161 Ind. 251, 68 N. E. 172. The Supreme Court of Indiana, however, goes on to say, at p. 261, 262: "It is to be observed that the law under consideration is not an ordinance of a city or town, passed in pursuance of authority

given to such municipal corporations by the legislature to license and regulate the business of transient merchants, but that it is an act of the General Assembly and that the amount of the fees to be paid for the license, and the 'restrictions imposed upon the occupation are prescribed by the act itself.''

The distinction suggested by that case is the basis for the classification of a second group of cases. The latter group rules upon the question as to whether a vendor or merchant with one permanently established place of business in a county who makes transient sales elsewhere within the same county, is a transient merchant within the meaning of the license regulation, the local body politic rather than the state being the licensing authority. The Supreme Court of Indiana ruled upon this question in the later case of *Harding & Miller Music Co. v. Cushman,* 183 Ind. 218, 108 N. E. 865. There the plaintiff mercantile corporation sought to enjoin the county treasurer from levying on certain merchandise for the collection of license fees under the county's transient merchant act. The company conducted a store in Evansville for the sale of pianos and musical instruments. It opened branch stores in various parts of the State, including one at Princeton in Gibson County. Temporary sales were later conducted both in Princeton in a room other than the permanent place of business, and in another town within Gibson County. The court, reversing a judgment for the defendant and awarding a new trial, said, p. 221: ''......we are dealing only with the question of a county license, and we are of the opinion that a merchant with a permanent place of business in one locality in a county is not subject to a county license fee by conducting a temporary sale of like merchandise in some other locality within the county boundaries.'' See also *Town of Valley Springs v. Flatt,* 44 S. D. 180, 183 N. W. 131.

In the instant case, appellant's N. 11th Street shop was a permanent place of business at a fixed location

within the City of Philadelphia. For the privilege of conducting this business, a mercantile license fee was paid the Commonwealth in addition to other taxes. It cannot, therefore, be said that the owner of the business failed to carry his share of the governmental burden. Moreover, the permanency of the business within the city insured certain restraints in the conduct of the business and influenced fair and honest dealings within the community so as to protect the purchasing public against fraud. Service of process and levying of execution to insure protection to the public is not avoided. The Chestnut Street shop, opened temporarily for the conduct of the same business under the same name, served merely as an additional outlet for commercial distribution within the City of Philadelphia. Under these circumstances, it is immaterial whether the licensing ordinance enacted by the city be construed as a regulatory measure under the police powers, or as a clear revenue measure. In either case, the City of Philadelphia is the unit with reference to which the ordinance is to be construed. It is our opinion, therefore, that appellant in the instant case was not exercising the privilege of entering into or conducting a transient retail business within the City of Philadelphia, and hence is not subject to provisions of the city ordinance in question.

The order of the court below is reversed, and defendant is discharged.